JOHN W. JUDSON, RELATOR, v. NEWARK BOARD OF WORKS PENSION ASSOCIATION AND THE TRUSTEES OF THE NEWARK BOARD OF WORKS PENSION ASSOCIATION, RESPONDENTS.

Argued May 2, 1944—Decided September 14, 1944.

Before BROGAN, CHIEF JUSTICE, and. Justices DONGES and PERSKIE.

For the relator, *Parnell & Krueger* (*Joseph Coult,* of counsel).

For the respondents, *Gilhooly & Yauch* (*John H. Yauch, Jr.,* of counsel).

For the City of Newark, *amicus curiæ, Philip J. Schotland* (*Thomas M. Kane,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The instant application is for a peremptory *mandamus.* The record discloses an alternative writ, a return thereto, and a demurrer. The relator herein, John W. Judson, had been employed by the City of Newark from April, 1916, to December 31st, 1942, as chief accountant in the Department of Public Works. In 1917 he became a member of the Newark Board of Works Pension Association and continued as such member in good standing until his services to the City of Newark were terminated. On November 4th, 1942, by resolution of the Board of Commissioners

of the City of Newark, Mr. Judson was retired from the city's service (effective as of December 31st, 1942) and was placed on pension under the statute, *R. S.* 43:12–1. The pension amounts to $3,750 each year, in compliance with the statute, *supra,* and represents one-half of the salary he was receiving at the time of his retirement.

On February 18th, 1943, the relator made application to the Newark Board of Works Pension Association for a second pension under the statute, *R. S.* 43:19–9–a, and at the time of the allowance of the alternative writ his claim was that that pension board had neglected and refused to take any action on his application for pension, whereupon an alternative writ was awarded him. Thereafter, however, the Newark Board of Pension Works Association, through its trustees, passed on his application and rejected it, its chief reason being that Mr. Judson already enjoyed a pension under the statute first mentioned, *R. S.* 43:12–1. In the return, however, the respondent asserts that as a matter of fact the relator did not make application to the *employer,* the Board of Street and Water Commissioners, or its successors, according to the requirement of the statute, that he be retired and denies that the relator is entitled to be pensioned under the statute upon which he places reliance, namely, *R. S.* 43:19–9–A. The respondent further says that by the retirement of Mr. Judson at the end of the year 1942, his employment then and there had been terminated and that the Director of Public Works in Newark thereafter had no power to order his retirement under the statute upon which the relator presently relies. The respondent further says that when Judson was involuntarily retired his full pension was awarded him and has since been paid in semi-monthly installments and that the statute now invoked by the relator does not contemplate the payment of two pensions which in this instance would equal the entire salary he had been receiving before retirement. Further, that by accepting the benefits of the Pension Act (*R. S.* 43:12–1) he waived what rights he had under the statute which he invokes (*R. S.* 43:19–9–a) ; and that since he rendered but one service to the city he is entitled to only one remuneration by way of pension.

The relator demurred to the answer, thus conceding every fact allegation which is well pleaded and raising a question of law. In this posture we think the respondent is entitled· to judgment.

The statute under which the relator was actually retired (*R. S.* 43 :12–1) might be called an involuntary retirement statute even though it is available for voluntary retirement as well. Its provision is that any person who has been continuously in the employ of any city for a period of twenty-five years and has reached the age of seventy years * * * may retire or be retired at any time thereafter. The pension is fixed at one-half of the amount such employee was receiving as salary at the time of retirement. Mr. Judson had served for more than twenty-five years and had reached the age of seventy. Contrary to his wish in the matter, apparently, he was retired. The statute upon which he bases his present application (*R. S.* 43 :19–9–a) provides, so far as pertinent, that in any city of the first class all members of the pension corporation formed from the employees of the board of street and water commissioners, who shall have served in the employ of the city in the aggregate for twenty years, and attained the age of sixty years, shall, upon application, be retired and shall thereafter receive from the pension fund an amount equal to one-half of the salary being paid at the time of such retirement.

The relator knew not later than November 4th, 1942, that the governing body of the employing municipality had determined that he be retired at the end of that year under the provisions of *R. S.* 43 :12–1. He also knew that he had certain rights under the statute, *R. S.* 43 :19–9, looking to voluntary retirement. If he desired the benefits of the latter statute the interval was ample for him to file his application for retirement under the statute that he presently seems to prefer. However, he did nothing about it, stood mute, suffered his retirement to become effectual, received the benefits of the pension statute under which he was retired, and later sought a second pension under this statute. This, we think, he may not do. By accepting the benefits of one statute we think he waived the fruits of the other. He no longer had the

requisite status to apply for retirement to the Board of Street and Water Commissions, or its successors, on February 18th, 1943, because he was not at that time a member of the pension corporation formed for employees of the Board, as is required by the statute on which he relies. Nor could he be retired at that time by that Board or its successors because he had previously been retired. This part of the respondent's answer is characterized as "wholly technical" by the relator. It is said that the relator "never had a chance to ask for retirement." This, we think, is wide of the fact. Nothing prevented Mr. Judson from filing his application for voluntary retirement under the statute that he now contends would be more beneficial to him. Having acquiesced in the situation, he is bound by his failure to act. This is the only point in the relator's argument that we think requires any discussion. It cannot be said that it is the policy of the state to pay two pensions for a single service. The mere statement of the proposition exhibits its unsoundness. The state's policy is made manifest by examining other provisions of our pension statutes. For example, it is provided that no one who is on pension may re-enter the employ of a municipality or the state unless he waives pension for the term of such employment. (*R. S.* 43:3–1); *Cf. Turner* v. *Passaic Pension Commission,* 112 *N. J. L.* 476 (also compare *R. S.* 43:3–3 and 43:3–4). Implicit in these statutory provisions is the plain intendment of the law to this effect: that a person may not receive pension and salary at the same time and we think it is almost a corollary thereof to say that the relator may not have two pensions for one service under the present state of the pension laws.

In conclusion, we cannot accept the view that it is merely technical to say that Mr. Judson was ineligible to apply for pension in February, 1943. To apply for retirement presupposes the status of being in service and Mr. Judson had already been separated from the service by actual retirement, the benefits of which he accepted. (Compare *Plunkett* v. *Board of Pension Commissioners of the City of Hoboken,* 113 *N. J. L.* 230; *affirmed,* 114 *Id.* 273.)

There will be a judgment for the respondent, with costs.