ANTONIO DeLORENZO, PLAINTIFF-APPELLANT, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, DEFENDANT-RESPONDENT.

Submitted October 26, 1945—Decided January 31, 1946.

For the plaintiff-appellant, *Maurice Schapira.*

For the defendant-respondent, *Thomas L. Parsonnel.*

The opinion of the court was delivered by

FREUND, J. This is an appeal from the judgment entered for the defendant in the Circuit Court. The plaintiff by his complaint seeks a declaratory judgment "to determine and adjudge the rights of this plaintiff in his demand for a pension from April, 1932." The cause was submitted to the trial court, without a jury, on an agreed stipulation of facts and exhibits, and without the taking of any testimony.

The facts, as stipulated by the parties, disclose that the plaintiff was born on January 20th, 1859. On June 2d, 1900, the plaintiff was appointed a laborer in the defendant's Water Department and worked continuously in that capacity until about April 6th, 1932, when he was admittedly injured in the course of his said employment. On June 11th, 1930, the

plaintiff filed a petition with the mayor and commissioners of the City of Newark, wherein the plaintiff requested to be retired on half pay, pursuant to chapter 103, *Pamph. L.* 1923, now *R. S.* 43:12–1. On January 14th, 1931, the defendant denied plaintiff's petition for retirement. The plaintiff, through the Workmen's Compensation Bureau, was awarded certain temporary and permanent disability compensation for injuries sustained while performing his duties in the employ of the defendant. On December 12th, 1939, the plaintiff was awarded total disability compensation for the same injuries he sustained in April of 1932. On May 17th, 1940, an order was made by the Workmen's Compensation Bureau that the plaintiff be paid $19.07 per week from March 11th, 1940, until the further order of the court. Plaintiff at the present time continues on the defendant's payroll for $19.07 each week. Since April, 1932, when the plaintiff was injured, he has done no work for the defendant because of his physical disability. The plaintiff, by letters dated December 26th, 1939, and April 25th, 1940, addressed to the defendant, again made application for a pension from April, 1932. The plaintiff when he worked for the defendant received a salary of $28.60 each week.

The court below rendered a judgment in favor of the defendant and concluded "that the application for the pension was properly denied because it was prematurely made, the plaintiff not having terminated his relationship to his employer under the Workmen's Compensation Act."

The issue to be determined is whether a public employee receiving workmen's compensation payments for physical disability, which arose out of and in the course of his employment with the defendant, may also receive a pension under the provisions of *R. S.* 43:12–1. We do not find any legislative authority which expressly permits the payment of both a pension and workmen's compensation payments to a public employee, nor does the plaintiff submit any judicial authority therefor in this state.

The plaintiff's petition for a pension in June, 1930, was denied by the defendant on January 14th, 1931. The plaintiff continued in the employ of the defendant and took no

further steps to enforce his then right to a pension until December 26th, 1939, subsequent to the time he was injured and while he was receiving workmen's compensation payments for the injuries he sustained while employed by defendant.

The plaintiff asks the court "to determine and adjudge the rights of this plaintiff in his demand for a pension from April, 1932." It is not to be expected that the right to a pension in 1930, denied by resolution of the defendant, can be enforced by proceedings instituted in 1941. Any rights the plaintiff may have had have been clearly waived by his continuing in the employ of the defendant, by accepting workmen's compensation payment for more than ten years for injuries sustained during his employment with the defendant, as well as by the plaintiff's failure to take any proceedings to review the action of the defendant in denying the plaintiff's applications for a pension. We are not to be construed as holding that the plaintiff had a contractual or vested right to a pension. *Bader* v. *Crone,* 116 *N. J. L.* 329; *Salley* v. *Firemen's and Policemen's Pension Fund,* 124 *Id.* 79.

We agree with the court below that what the plaintiff "receives under the Pension Act is a reward for past services and safeguard against want in old age; what he receives under the Workmen's Compensation Act is compensation for the disability resulting from the injury he sustained. The payment of workmen's compensation is based upon a contract of employment of which the terms of the act are a part; if the workingman is injured he is entitled to be compensated for that injury under the Workmen's Compensation Act but based largely on his rate of pay."

We distinguish between the status of a person receiving a pension and a person receiving workmen's compensation. The relationship of an employer and an employee is not consistent with the position of a pensioner as such, for the reason that a pensioner severs all relationship of employer and employee, he has no further duty to his employer nor is he entitled to any of the benefits which may accrue to an employee. An employee receiving workmen's compensation is under the relationship of employee and employer, as is indicated by the fact that such employee must continue to be

carried on the public payroll pursuant to *R. S.* 34:15–44. The plaintiff must be one or the other and as he admittedly now receives workmen's compensation he is an employee. We therefore hold that the plaintiff cannot have the benefits of both statutes. *Judson* v. *Newark Board of Works Pension Association,* 132 *N. J. L.* 106; *affirmed,* 133 *Id.* 28.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, JJ. 13.

*For reversal*—COLIE, McGEEHAN, JJ. 2.