## JOSEPH H. REINHOLD, PROSECUTOR, v. TOWN OF IRVINGTON, DEFENDANT.

Submitted January 15, 1946—Decided September 4, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *David Roskein* and *John A. Laird*.

For the defendant, *John H. Gaffey* and *Herman W. Kurtz*.

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up for review a determination of the Essex County Court of Common Pleas

in a workmen's compensation case reversing a finding of the Bureau and dismissing the petitioner-prosecutor's claim petition.

The prosecutor was a fireman in the employ of the defendant, Town of Irvington, and on January 8th, 1940, he suffered an accident arising out of and in the course of his employment by reason of which he was unable to work until sometime in the month of October, 1940, when he returned first to light duty and later to regular duty. During all these months he was off from work he was paid his full salary of $200 per month and made no claim for benefits under the Workmen's Compensation Act.

On November 15th, 1942, he suffered another accidental injury in the course of the performance of his duties. He was unable to work and was again paid his full salary from the time of the accident down to January 1st, 1944.

On November 26th, 1943, he filed a petition for compensation, claiming permanent injury as a result of the first accident, and on May 22d, 1944, when the matter came on for hearing, a further petition was filed based upon the second accident.

Following the filing of the first petition, the prosecutor, on December 23d, 1943, applied to the town pension fund for retirement from active service because of disability which he ascribed to the two above-mentioned accidents, and he was placed on pension as of January 1st, 1944.

The Bureau awarded temporary disability compensation for each accident, compensation for permanent disability as a result of the first accident to the extent of 20% of total, compensation for permanent disability as a result of the second accident to the extent of 30% of total, medical expenses and counsel fees. The Bureau further directed that the defendant was entitled to credit by reason of its payment to prosecutor of his salary during the periods he was not working, but that the receipt of his pension was no bar to a recovery by prosecutor in the form of compensation.

The primary question concerns the applicability and construction of two sections of the Compensation Act. *R. S.* 34:15–39 provides in part as follows:

. "The receipt of benefits from any association, society, or fund to which the employee shall have been a contributor shall not bar the recovery of damages by action at law or the recovery of compensation under article 2 of this chapter."

R. S. 34:15–43 provides:

"Every employee of the state, county, municipality or any board or commission, or any other governing body, * * * who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article 2 of this chapter, but no person holding an elective office shall be entitled to compensation. Nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability."

The prosecutor contends that these two sections must be read as one with the former modifying the latter, that is, that the receipt of a pension by a public employee is no bar to compensation when he has been a contributor to the fund from which the pension is paid.

We think the sections of the statute cannot reasonably be so construed. R. S. 34:15–39 is a section dealing with employments generally, while 34:15–43 deals particularly and solely with public employments. Where there is conflict between the general and the particular sections of the statute, as there appears to be here, the particular controls with respect to the subject-matter it deals with. *Ackley* v. *Norcross,* 122 *N. J. L.* 569; *affirmed,* 124 *Id.* 133. The status of the prosecutor at the time his claim for compensation was dealt with by the Bureau placed him squarely within the provisions of R. S. 34:15–43.

It is contended by the prosecutor that his status and his rights are fixed as of the time of the accident, or accidents, and that at the time of the accidents he was not a "former employee" and therefore not subject to the provision in question. We think this cannot be so because a "former employee" at the time of the accident would be in no position to claim compensation at all. A compensable injury must be suffered in the "line of duty" and a former employee would have no duties to perform, being no longer an active employee

in the performance of duties. The section clearly contemplates public employees who suffer injuries in the line of duty, accept retirement or pension benefits based upon such injuries, and then may also claim the coverage of the Compensation Act. The statute appears to have been designed to meet the situation presented in this case, and is a bar to recovery by prosecutor.

The claim is made that prosecutor is at least entitled to reimbursement for his medical expenses, even if not entitled to temporary or permanent compensation. We see no warrant for thus dividing the benefits of the statute. Either he is entitled to the full benefits of the statute or he is barred from them by the section above quoted. Since we are of the opinion that he is barred, his claim for medical expenses must also fall.

This result makes it unnecessary to consider the question as to whether or not the claim based on the first accident was barred by the passing of the time limit before filing the petition, or whether the payment of his salary was such a voluntary payment of compensation as to toll the running of the statute. *Cf. Fischbein* v. *Real Estate Management, Inc.*, 131 *N. J. L.* 495; *affirmed,* 132 *Id.* 418.

The writ is dismissed.