Appellant suffered an accident on September 25, 1945, which occurred in line of duty as a volunteer fireman in the Town of Newton. On the same date he was employed by the County of Sussex as a janitor. On January 1, 1946, he elected, because of inability to continue his regular duties, to accept his retirement fund from the County of Sussex and is receiving a pension under the State Employees Retirement System. Thereafter he filed a claim against the defendant for workmen's compensation and the Bureau made an award in the amount of the stipulated permanent disability together with a counsel fee and medical expenses. On appeal to the Sussex County Court a judgment was entered affirming the award in the Bureau and from the latter judgment this appeal is taken.
The question is whether the respondent is precluded from receiving compensation from the Town of Newton because he has accepted a pension from the County of Sussex. Appellant argues that R.S. 34:15-43 precludes Loges from the right to receive compensation payments. The pertinent parts of the statute read: "Every employee of the state, county, municipality * * * and also each and every active volunteer fireman * * * who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article two of this chapter (section 34:15-7 et seq.), but no person holding an elective office shall be entitled to compensation. Nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability." Reliance is placed upon Reinhold v.Irvington, 134 N.J.L. 416 (Sup. Ct. 1946), but we perceive a clear distinction between the situation then under consideration and the present case. Reinhold was a fireman employed by *Page 435 
the municipality and he sought both compensation and a pension from a single employer, the municipality. The right to compensation was denied. In DeLorenzo v. Newark, 134 N.J.L. 7
(E. A. 1946), it was held that the relationships of employee and pensioner of the same employer are inconsistent since a pensioner has no further duty to his employer. The clear distinction arises from the fact that in both the Reinhold and the DeLorenzo cases the municipality was the source from which both compensation and pension payments would be paid, hence the recipient of both would be receiving double payment from a single employer. Breheny v. Essex County, 136 N.J.L. 524 (E. A.
1948).
Here the situation is that when Loges was retired on a pension on January 1, 1946, he became a "former employee" and pensioner of the County of Sussex but such did not make him a "former employee" of the Town of Newton. The payments do not spring from one employer but from two distinct employers and we read R.S.
34:15-43 as containing an express prohibition in the former situation but none as to the latter.
The judgment is affirmed.