30 N.J. Super. 467 (1954)
105 A.2d 34
EUGENE FLYNN, PETITIONER-APPELLANT,
v.
CITY OF UNION CITY, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided May 12, 1954.
*468 Mr. Joseph L. Freiman, attorney for petitioner-appellant.
Mr. Cyril J. McCauley, attorney for respondent-appellee.
Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney for State of New Jersey, intervenor (Mr. Charles I. Levine, Deputy Attorney-General, appearing).
DREWEN, J.C.C.
On April 4, 1952, while a member of the Union City Fire Department, petitioner sustained accidental injuries. The attendant facts and circumstances, it is conceded, bring the happening within the terms of the Compensation Act. Petitioner returned to duty on September 6, 1952. His claim petition was filed in December, 1952.
On August 21, 1953, during the pendency of the claim and prior to its hearing, the city made application for the retirement and pensioning of petitioner, on the ground of disability. Such proceedings, including medical examinations, were had pursuant thereto that by action of the Consolidated Police and Firemen's Pension Fund Commission of the State of New Jersey the pension retirement applied for was ordered, effective October 1, 1953. Throughout the interval between *469 the injury and the effective pension date petitioner received full pay from the city.
The claim petition came on for hearing October 26, 1953. Upon the facts above set forth and the provisions of R.S. 34:15-43, respondent moved at the hearing for the dismissal of the petition, and the motion was granted. The pertinent provision of the statute is:
"* * * No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability * * *."
In a virtually identical situation the court, in Reinhold v. Town of Irvington, 134 N.J.L. 416 (Sup. Ct. 1946), held that the fireman's compensation claim was barred by the statute cited. Effort is made to distinguish the Reinhold case on the grounds (a) that there, following the accident, the fireman did not return to duty; and (b) there the fireman himself applied for the pension, and having done so with knowledge of the statute, supra, must be held to have made his election. It is argued that the pension in the present instance was "involuntary," and the case of Campbell Soup Co. v. Board of Review, Division of Employment Security, 13 N.J. 431, 435 (1953), is cited as authority. The argument ignores the basic parallel that the two situations present. The petitioner in each of them had, at the time of the compensation hearing, been already retired on pension and was therefore absolutely within the class of "former employees" designated by the statute. Reinhold v. Town of Irvington, supra, determines simply and without qualification that "The status of the prosecutor at the time his claim for compensation was dealt with by the Bureau places him squarely within the provisions of R.S. 34:15-43." Also be it noted, in neither situation could petitioner be considered as having the status of a former employee prior to his pension retirement, he having been continuously on full salary until the effective date of the retirement. Campbell Soup Co. v. Board of Review, Division of Unemployment Security, supra, is not at all in point. In that case the court deals *470 with qualifying language in a different statute that does not appear in the enactment before us. It is of no possible consequence whether the pension status is brought about by the city's application or by that of its servant. The statutory scope broadly encompasses both situations. The giving of effect by this court to any distinction like that for which the argument contends could amount only to an attempt at judicial legislation. See DeLorenzo v. Board of Com'rs of City of Newark, 134 N.J.L. 7 (E. & A. 1945).
Petitioner seeks to show invalidating bad faith and design on the city's part in the timing, as petitioner alleges, of its application for the pension retirement in relation to a contrived and ulterior delaying by it of the compensation hearing. This argument is made as if matter of the kind could be regarded as at all competent to defeat the city's right to avail itself of the statutory provision; but I can see no merit whatever in the contention, factually or legally. The right of the city to apply for petitioner's retirement is not questioned. Prior to the application it had ascertained by departmental examination that petitioner was in such state of disability as to render him a proper subject for retirement on pension, all of which was confirmed in the subsequent procedure of the Pension Fund Commission. None of this is questioned either. What was the city required to do in the circumstances? The point appears to be that petitioner was entitled to have the city postpone its rightful course in the matter of pension application, to the making of the compensation award, and thus to forego what the statute prescribed for the city's benefit in the situation then existing. Again, be it remembered, petitioner had been on full pay from the time of his injury until the effective date of his pension. In the circumstances presented the city's motive as employer cannot possibly be or become a legal factor in the problem.
The appeal also poses what is intended to be a constitutional question. It is urged that on the official pension date (October 1, 1953) petitioner's right to workmen's compensation had become a vested right, and that the statute, *471 therefore, cannot operate to deprive him of it. It is not claimed that the statute is in any way constitutionally defective. The cases cited to support the proposition that the right is vested have no present application. Each of them deals with the effect of subsequent legislation on a previously matured compensation claim. (Newbaker v. New York, S. & W.R.R. Co., 38 N.J.L.J. 175; Tiffany & Co. v. Starzmann, 118 N.J.L. 57; Hansen v. Brann & Stewart Co., 90 N.J.L. 444.) That is not the problem here. The right to workmen's compensation is entirely statutory, and petitioner became vested with all that the controlling statutes prescribed for him, including, of course, the modifying effect of the statute now in question (R.S. 34:15-43), which had been a part of the compensation law for many years before the occurrence of the accident in suit. See Adams v. Mayor and Common Council of City of Plainfield, 109 N.J.L. 282 (Sup. Ct. 1932), affirmed 110 N.J.L. 377 (E. & A. 1933).
The petition is dismissed.