32 N.J. Super. 518 (1954)
108 A.2d 629
EUGENE FLYNN, PETITIONER-APPELLANT,
v.
CITY OF UNION CITY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1954.
Decided October 15, 1954.
*520 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Joseph L. Freiman argued the cause for the petitioner-appellant.
Mr. Cyril J. McCauley argued the cause for the respondent.
Mr. Charles I. Levine, Deputy Attorney-General, attorney for intervenor, State of New Jersey, argued for the State (Mr. Grover C. Richman, Jr., Attorney-General, attorney; Mr. Charles J. Kehoe, Deputy Attorney-General, on the brief).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The petitioner, Eugene Flynn, a paid fireman in the employ of the City of Union City, suffered injuries sustained in a fire on April 4, 1952. He filed a petition for workmen's compensation and prior to adjudication of his claim, on the application of the city, he was retired on pension by reason of his disability from the injuries suffered in the aforementioned accident. Thereafter, at the adjourned hearing date, on motion of the respondent, Flynn's petition was dismissed on the ground that R.S. 34:15-43 barred recovery under the Workmen's Compensation Act in that he had been retired on a disability pension. On appeal to the Hudson County Court the action of the deputy director was affirmed, 30 N.J. Super. 467, and it is from this judgment that the plaintiff appeals.
The plaintiff contends that he was not a former employee within the meaning of R.S. 34:15-43; that he had a vested right in compensation payments as of the date of the accident and that if R.S. 34:15-43 operates to bar his recovery, it is unconstitutional in that it takes away his vested right without due process of law.
The State has applied for and was granted permission under the rules to argue as intervenor in support of the constitutionality of the statute.
The pertinent parts of R.S. 34:15-43 provide:
*521 "Every employee of the State, county, municipality or any board or commission, or any other governing body, including boards of education, and also each and every active volunteer fireman doing public fire duty and also each and every active volunteer, first aid or rescue squad worker doing public first aid or rescue duty under the control or supervision of any commission, council or any other governing body * * * who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article two of this chapter (sections 34:15-7 et seq.). No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability; * * *."
The substance of this exclusionary feature has been in the Workmen's Compensation Act continuously since 1931, and has been recognized and followed by our courts.
In the case of DeLorenzo v. Board of Com'rs of City of Newark, 134 N.J.L. 7, 9 (E. & A. 1946), the status of the petitioner was found to be significant, wherein it stated:
"We distinguish between the status of a person receiving a pension and a person receiving workmen's compensation. The relationship of an employer and an employee is not consistent with the position of a pensioner as such, for the reason that a pensioner severs all relationship of employer and employee, he has no further duty to his employer nor is he entitled to any of the benefits which may accrue to an employee. An employee receiving workmen's compensation is under the relationship of employee and employer, as is indicated by the fact that such employee must continue to be carried on the public payroll pursuant to R.S. 34:15-44. The plaintiff must be one or the other and as he admittedly now receives workmen's compensation he is an employee. We therefore hold that the plaintiff cannot have the benefits of both statutes. Judson v. Newark Board of Works Pension Association, 132 N.J.L. 106; affirmed 133 N.J.L. 28."
In the case of Reinhold v. Town of Irvington, 134 N.J.L. 416 (Sup. Ct. 1946), the plaintiff sustained injury and prior to his hearing on a workmen's compensation claim, was placed on pension by the municipality, which pension status was held a bar to payment on his workmen's compensation claim. He contended, as does the petitioner in the matter sub judice, that his status was to be determined as of the date of the injury complained of, in measuring his qualification for *522 workmen's compensation benefits. The court denied the petitioner's contentions, stating, 134 N.J.L. at page 418:
"It is contended by the prosecutor that his status and his rights are fixed as of the time of the accident, or accidents, and that at the time of the accidents he was not a `former employee' and therefore not subject to the provision in question. We think this cannot be so because a `former employee' at the time of the accident would be in no position to claim compensation at all. A compensable injury must be suffered in the `line of duty' and a former employee would have no duties to perform, being no longer an active employee in the performance of duties. The section clearly contemplates public employees who suffer injuries in the line of duty, accept retirement or pension benefits based upon such injuries, and then may also claim the coverage of the compensation act. The statute appears to have been designed to meet the situation presented in this case, and is a bar to recovery by prosecutor."
Our former Court of Errors and Appeals considered the prohibition against double payments as contained in R.S. 34:15-43 in the case of Breheny v. Essex County, 136 N.J.L. 524 (1948), wherein it stated, 136 N.J.L. at page 525:
"There can be no question but that a pensioner is not entitled to an award for compensation. The Workmen's Compensation Act in R.S. 34:15-43 provides `Nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability,' and this Court has determined that a person cannot have the benefit of both the pension and compensation acts. It is axiomatic that to be entitled to compensation the relationship of employer-employee must exist and there is no such relationship in the case of a pensioner. A person cannot be both an employee and a pensioner, he must be one or the other. DeLorenzo v. Board of Commissioners, 134 N.J.L. 7."
In the Breheny case an increased award was allowed to a pensioner who had previously obtained an award and the court held that the respondent was not in a position to attack the increased award after having allowed it to be granted and affirmed when respondent at all times possessed full knowledge of petitioner's status as a pensioner, but remained silent. The ratio decidendi of the Breheny case, however, accords *523 with the prior holdings which recognize the legislative intent and validity of the statutory prohibition against the receipt of payments both as a pensioner and an employee.
This conclusion was re-affirmed more recently by our present Supreme Court in the case of Eckert v. New Jersey State Highway Department, 1 N.J. 474, 478 (1949), where after reviewing the holdings of the Reinhold case and the DeLorenzo case, the court agreed with appellants' assertion that there is no legislative authority permitting payment of both pension and compensation benefits to an employee-petitioner. The court considered the language of R.S. 34:15-43 to be plain, clear and unambiguous, and held that the intent was to prohibit payments of both to an employee, but that that prohibition did not extend to include prohibition of payments of both to dependents of a deceased employee. This court stated in Loges v. Town of Newton, 5 N.J. Super. 433, 435 (1949), affirmed Kays v. Town of Newton, 4 N.J. 356 (1950), that the statutory prohibition clearly was against the payment of pension and compensation monies to the same claimant.
The plaintiff, in the instant case, attempts to distinguish his case from the cases referred to above in that he did not elect to retire voluntarily, but was forced into disability retirement by the action of the defendant applying to the Consolidated Police and Firemen's Pension Fund Commission. The appellant concedes the right of the city to apply for his retirement and no appeal was taken from that action. We perceive no material differences in the circumstances. Qualification for retirement was established and awarded. If the municipality was forced to await the voluntary action of a disabled employee to apply for disability pension, it might well be subjected to the necessity of retaining unfit employees on its rolls without reason. We are aware of no requirement that the employee must initiate the retirement action to be disentitled to compensation benefits for the same disability. We conclude that the test is whether the petitioner was or was not receiving pension benefits at the time he was to receive compensation benefits. *524 Where that question is answered in the affirmative the former bars the latter. Accrual of a right to benefits does not exist until there is a formal agreement or award to pay the same. Under the facts of this case the plaintiff was receiving retirement benefits before the compensation matter proceeded to an award and under the statute in question, those retirement benefits barred compensation benefits.
The right to workmen's compensation rests upon the statute which both creates and measures that right. We find no vested right of an employee therein. The receipt of compensation and the effect thereupon of receipts of pensions and other benefits is controlled by statutory provisions and the circumstances of each case. 58 Am. Jur., sec. 306, p. 792; 119 A.L.R. 920.
We have considered the plaintiff's contention as to the unconstitutionality of the statute in question and while that point has not been adjudicated particularly heretofore, the DeLorenzo, Reinhold and Eckert cases, supra, are authority for and tacit approval thereof. Our review of the enactment discloses no want of constitutionality, and as said in Legg v. Passaic County, 122 N.J.L. 100 (Sup. Ct. 1939), affirmed 123 N.J.L. 263 (E. & A. 1939):
"* * * one of the fundamental policies of our jurisprudence is not to declare unconstitutional a statute which has been in force without any substantial challenge for many years unless its unconstitutionality is obvious."
Cf. Doremus v. Board of Education of Hawthorne, 5 N.J. 435, 452 (1950).
The judgment is affirmed.