DENNIS PIRHER, PETITIONER-APPELLANT, v. BOARD OF
PUBLIC WORKS OF SOUTH RIVER AND BOROUGH OF
SOUTH RIVER, A MUNICIPAL CORPORATION OF NEW
JERSEY, RESPONDENTS-APPELLEES.

Middlesex County Court
Law Division

Decided April 29, 1955.

*Mr. Isidor Kalisch,* for petitioner-appellant (*Mr. David Roskein,* attorney).

*Mr. Baruch S. Seidman,* for respondents-appellees (*Messrs. Burton & Seidman,* attorneys).

MORRIS, J. C. C. This is an appeal from an order of dismissal entered by a Deputy Director of the Division of Workmen's Compensation of the Department of Labor, on November 29, 1954. It is here for trial *de novo* on the entire record.

The case was submitted to the deputy director on the following stipulated facts:

Since January 15, 1938 the petitioner had been regularly employed by the respondent as an operator at its sewage disposal plant in South River, New Jersey. On June 29, 1952 he sustained an injury to his left ankle as a result of an accident arising out of and during the course of his said employment. He continued working until August 7, 1952 when, because of the injury, he was compelled to cease work. Thereafter, an osteomyelitic condition developed, requiring amputation of the left foot and lower leg. The respondent, conceding its liability under the act, paid the petitioner full wages in the amount of $2,007.60 covering the period from August 8, 1952 to March 31, 1953, and in addition thereto paid the statutory compensation at the rate of $30 per week from April 1, 1953 to March 31, 1954. Respondent also paid all hospital and medical bills incurred as a result of the injury.

On March 4, 1953 the petitioner made application to the State Retirement System of New Jersey for retirement because of disability. His application was favorably acted on and on April 1, 1953, he was duly retired in accordance with the provisions of *R. S.* 43:14–31, dealing with accident disability retirements, at the rate of $216.53 per month, such payments to continue for the duration of petitioner's life. Petitioner then instituted formal proceedings under the Workmen's Compensation Act. To this claim the respondents filed an answer and an amended answer. In due course, respond-

ents moved to dismiss the appellant's petition for compensation because of the appellant's receipt of the disability retirement pension. This motion was based on the provisions of R. S. 34:15–43, which expressly forbids receipt of both a pension and workmen's compensation benefits by a public employee.

The question to be determined by this court is whether an employee of a municipality, who sustained a compensable accident arising out of and during the course of his employment, and who applied for and received a disability retirement pension from the State Retirement Fund, R. S. 43:14-1 et seq., has the right to receive subsequent benefits under the Workmen's Compensation Act, R. S. 34:15–1 et seq.

R. S. 34:15–43 states:

"Every employee of the state, county, municipality or any board or commission, or any other governing body, including boards of education, and also each and every active volunteer fireman doing public fire duty under the control or supervision of any commission, council or any other governing body of any municipality or any board of fire commissioners of such municipality or of any fire district within the state, who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article 2 of this chapter (§ 34:15–7 et seq.), but no person holding an elective office shall be entitled to compensation. Nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability.

Nothing herein contained shall be construed as affecting or changing in any way the provisions of any statute providing for sick, disability vacation or other leave for public employees or any provision of any retirement or pension fund provided by law."

Petitioner-appellant has been retired pursuant to R. S. 43:14–31 and has received monthly benefits under the provisions of R. S. 43:14–34, which provides that a member upon retirement for accident disability shall receive a service retirement allowance if he has attained the age of seventy; otherwise he shall receive a retirement allowance which shall consist of an annuity which shall be the actuarial equivalent of his accumulated deductions at the time of his retirement, and by a pension, in addition to the annuity, of two-thirds of his final compensation.

Under subparagraph (a) annuity payments are provided. *R. S.* 43:14–1(*b*) states an annuity is defined to mean "payments for life derived from contributions made by a member as provided in this chapter." Then under part (b) of *R. S.* 43:14–34 the petitioner is provided with a pension. Under *R. S.* 43:14–1(*g*) a pension is defined as "payments for life derived from appropriations made by the * * * participating * * * municipalities * * *."

*R. S.* 43:14–32 provides that if the retired person should ever be returned to active duty, he can never be paid at a lesser rate than the amount of his disability pension. Should the pay be less, the difference must continue to be paid throughout the pensioner's lifetime.

There is no doubt, then, that petitioner is entitled to and shall receive his pension payments for the rest of his lifetime. In fact, this was attested to by the board of trustees in their letter dated June 21, 1954, signed by George M. Borden, secretary.

Petitioner-appellant argues that the decision of our present Supreme Court in the case of *Eckert v. New Jersey State Highway Department*, 1 *N. J.* 474, 64 *A.* 2d 221 (1949), controls the present case. There the dependents of a deceased employee were held not to be within the prohibition of *R. S.* 34:15–43 against double recovery. The court stated that the dependents were not former employees within the meaning of the statute because their rights were independent and not derivative. Justice Oliphant distinguished the *Eckert* case from the case of *De Lorenzo v. Board of Commissioners of City of Newark*, 134 *N. J. L.* 7 (*E. & A.* 1946), and *Reinhold v. Town of Irvington*, 134 *N. J. L.* 416 (*Sup. Ct.* 1946), as follows:

"In the former case the public employee was receiving workmen's compensation benefits when he attempted to also recover a pension, in the latter the employee was receiving a pension when he attempted to additionally recover workmen's compensation benefits. It was held in the *De Lorenzo* case 'The relationship of an employer and an employee is not consistent with the position of a pensioner as such, for the reason that a pensioner severs all relationship of employer and employee, he has no further duty to his employer nor

is he entitled to any of the benefits which may accrue to an employee. An employee receiving workmen's compensation is under the relationship of employee and employer, as is indicated by the fact that such employee must continue to be carried on the public payroll pursuant to *R. S.* 34:15–44. The plaintiff must be one or the other and as he admittedly now receives workmen's compensation he is an employee. We, therefore, hold that the plaintiff cannot have the benefits of both statutes.' In the *Reinhold* case compensation was denied prosecutor, by virtue of the statute *R. S.* 34:15–43 which provides 'nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability.'

It is to be observed that the Court in those cases was dealing with the claims of employees, living individuals, and they are not controlling here where the problem relates to dependents of deceased employees. A pension given a public employee under the Pension Act is 'a reward for past services and safeguard against want in old age,' what he receives under the Compensation Act is compensation for the disability resulting from injury. *De Lorenzo v.* [*Board of Commissioners of City of*] *Newark, supra.* The status of a dependent is incompatible with that definition. The relationship between employer and employee never existed between the dependents of these deceased public employees and their employers and there therefore could be no severance of such relationship in the case of the allowance of a pension to the dependents and likewise no continuance of that relationship in the case of compensation benefits. The word 'dependent' cannot be found in *R. S.* 34:15–43, *supra.*"

I am of the opinion that the petitioner-appellant is expressly forbidden by the provisions of *R. S.* 34:15–43 from receiving benefits under the Workmen's Compensation Act after having secured a disability retirement pension under *R. S.* 43:14–34.

Judgment of dismissal will be granted in favor of the respondent-appellee against the petitioner-appellant.