37 N.J. Super. 482 (1955)
117 A.2d 615
DENNIS PIRHER, PETITIONER-APPELLANT,
v.
BOARD OF PUBLIC WORKS OF SOUTH RIVER, NEW JERSEY, AND BOROUGH OF SOUTH RIVER, A CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1955.
Decided October 21, 1955.
*483 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Isidor Kalisch argued the cause for the appellant (Mr. David Roskein, attorney).
Mr. Baruch S. Seidman argued the cause for the respondents (Messrs. Burton & Seidman, attorneys).
The opinion of the court was delivered by FRANCIS, J.A.D.
The issue for determination here is whether a municipal employee who suffers an injury arising out of and in the course of his employment, can recover workmen's compensation after he has retired on pension which was granted because of disability produced by the accident. An award was denied in the Division of Workmen's Compensation and in the County Court. 35 N.J. Super. 193.
The facts are undisputed. Petitioner had been in the employ of respondent Board of Public Works of South River since January 15, 1938, as an operator in its sewage disposal plant at South River, New Jersey. On June 29, 1952 he sustained an employment-connected accident, which resulted ultimately in the amputation of his left foot and lower leg.
Respondent paid all medical and hospital expenses and full wages from August 8, 1952 (the last day of work) until March 31, 1953. In addition, Pirher received workmen's compensation at the statutory rate of $30 weekly from April 1, 1953 to March 31, 1954.
On March 4, 1953 an application was made to retire on disability under the State Employees Retirement System, N.J.S.A. 43:14-31, which was made applicable to municipal employees by N.J.S.A. 43:15-1. This section provided:
"A member who has not attained age seventy shall, * * * upon his own application * * * be retired by the board of trustees for accident disability, on an accident disability allowance. * * *"
Retirement was granted as of April 1, 1953 at $216.53 a month. Pirher was entitled to this payment under N.J.S.A. 43:14-34 and he is still receiving it.
*484 The accident disability allowance for a person under 70 years of age was fixed by section 34, supra, as:
"a. An annuity which shall be the actuarial equivalent of his accumulated deductions [from wages] at the time of his retirement; and
b. A pension, in addition to the annuity, of two-thirds of his final compensation." (Insertion ours.) N.J.S.A. 43:14-16.
"Annuity" is defined to be:
"* * * payments for life derived from contributions made by a member as provided in this chapter."
And "pension" means:
"* * * payments for life derived from appropriations made by the State as provided in this chapter, or by any participating county or municipality as provided in chapter fifteen of Title 43 of the Revised Statutes." N.J.S.A. 43:14-1(b)(g)
Subsequent to the inception of the retirement allowance, the petition for workmen's compensation was filed. Respondent moved for dismissal under the Workmen's Compensation Act, N.J.S.A. 34:15-43, which says:
"Every employee of the State, county, municipality * * * who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article two of this chapter (sections 34:15-7 et seq.). No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability; * * *." (Emphasis ours.)
A person in public employment who applies for and accepts a pension for disability arising from a compensable accident, severs the relationship of employer and employee. He becomes a "former employee" and the statutory bar to workmen's compensation is applicable. DeLorenzo v. Board of Comm'rs of City of Newark, 134 N.J.L. 7 (E. & A. 1946); Reinhold v. Town of Irvington, 134 N.J.L. 416 (Sup. Ct. 1946).
*485 The contention advanced by appellant is that he is not a pensioner and therefore a former employee but rather merely an inactive employee receiving an "accident disability allowance" and subject to recall to duty under certain circumstances. His argument is based on N.J.S.A. 43:14-32 by virtue of which the board of trustees of the retirement fund may obtain a yearly physical examination of such a person, and if he is found to be physically able to return to work, he may apply to the head of the department in which he was employed to be restored "to active service as an employee." The head of the department has discretionary authority to grant such a request. In the alternative, if the examination shows less than total disability and that some work capacity exists, the board is required to reduce the "pension" "to an amount which, when added to the amount then earnable by him, shall not exceed the amount of his final compensation."
However, under the statutory definitions set out above, the monthly payments are to be made for life, subject to being divested wholly or partly in the situations described. But more important and of decisive character in this case is the further limitation imposed by the statute and wholly overlooked by appellant, namely, that the provisions for yearly examinations and restoration to active service relate only to pensioners who are under 60 years of age. The proof shows that Pirher was born February 11, 1895. His present age of 60 years and 8 months removes the statutory shadow from the permanency of his pension.
We find no substance to the other issues raised. As the cases cited, as well as Flynn v. Union City, 30 N.J. Super. 467 (Cty. Ct. 1954), affirmed 32 N.J. Super. 518 (App. Div. 1954), certification denied 17 N.J. 253 (1955); Breheny v. Essex County, 136 N.J.L. 524 (E. & A. 1947), all indicate, since 1931 (L. 1931, ch. 355), clearly it has been the intention of the Legislature not to permit a recovery of both a disability pension and workmen's compensation by a living employee of a single municipal employer. Cf. Eckert v. New Jersey State Highway Authority, 1 N.J. *486 474 (1949); Loges v. Newton, 5 N.J. Super. 433 (App. Div. 1949), affirmed on opinion below sub nom., Kays v. Town of Newton, 4 N.J. 356 (1950).
The judgment is affirmed.