95 N.J. Super. 273 (1967)
230 A.2d 889
ROBERT P. ZIEGLER, PETITIONER-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF STATE POLICE, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1967.
Decided June 2, 1967.
*274 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Benjamin M. Del Vento argued the cause for appellant (Mr. Mortimer Wald, attorney).
Mr. Franklin D. Renkoff, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
The facts in this workmen's compensation case are not in dispute. Petitioner Robert P. Ziegler, formerly a New Jersey State trooper, was injured on September 9, 1963, as a result of an accident arising out of and in the course of his employment. He returned to work on June 16, 1964, at which time he performed only light duty  when *275 he could perform any work at all. He continued on active service until June 22, 1965, at which time he was retired by the State. From the date of the accident to the date of his retirement, he received full salary. His disability pension, paid since June 22, 1965 consists of two-thirds of his total salary, plus allowances. N.J.S.A. 53:5A-10.
On February 8, 1965 Ziegler filed a petition for workmen's compensation. On June 17, 1965 the State filed an answer to the petition in which it admitted liability and offered to pay compensation for permanent disability on the basis of 85% of total.
The compensation claim came on for hearing on June 16, 1966. The judge of compensation held that:
"* * * in view that the petitioner * * * retired as a result of the disability resulting from this accident, and pursuant to R.S. 34:15-43, he is only entitled to compensation for permanent disability for the period of fifty-three (53) weeks from June 16, 1964 to June 22, 1965, unless after further examination he may be found able to return to active duty * * * at which time payment of compensation for permanent disability shall be resumed."
The County Court agreed that Ziegler was totally disabled, but held that under N.J.S.A. 34:15-43 he was not entitled to the payment of compensation. As to the issue of fees and medical expenses, not herein questioned, the County Court affirmed.
Ziegler appeals from the judgment of the County Court. We affirm. Reinhold v. Town of Irvington, 134 N.J.L. 416 (Sup. Ct. 1946); Flynn v. Union City, 30 N.J. Super. 467 (Cty. Ct. 1954), affirmed 32 N.J. Super. 518 (App. Div. 1954), certification denied 17 N.J. 253 (1955).
In Reinhold petitioner filed a claim for permanent disability compensation following two work-related injuries. After the filing of the petition, Reinhold applied for retirement pension as a result of the disability. The Bureau awarded temporary disability compensation, but the Supreme Court reversed, stating:
*276 "* * * The status of the prosecutor at the time his claim for compensation was dealt with by the Bureau placed him squarely within the provisions of R.S. 34:15-43, N.J.S.A.
It is contended by the prosecutor that his status and his rights are fixed as of the time of the accident, or accidents, and that at the time of the accidents he was not a `former employee' and therefore not subject to the provision in question. We think this cannot be so because a `former employee' at the time of the accident would be in no position to claim compensation at all. A compensable injury must be suffered in the `line of duty' and a former employee would have no duties to perform, being no longer an active employee in the performance of duties. The section clearly contemplates public employees who suffer injuries in the line of duty, accept retirement or pension benefits based upon such injuries, and then may also claim the coverage of the compensation act. The statute appears to have been designed to meet the situation presented in this case, and is a bar to recovery by prosecutor." (134 N.J.L., supra, at pp. 418-419; emphasis added)
In Flynn a city fireman sustained permanent injuries on April 4, 1952 and returned to work during the following September. His petition for compensation was filed in December 1952. In August 1953, prior to the compensation hearing, the petitioner was retired on disability pension on the City's application. Throughout the interval between the injury and the effective pension date petitioner received full pay from the city. N.J.S.A. 34:15-43 had been amended after the Reinhold decision, but the amendment, as it related to the issue in question, was merely one of language. The statute reads today as it did when Flynn was decided:
"* * * No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability."
The County Court in Flynn held that Reinhold was dispositive because it was there determined that "The status of the prosecutor at the time his claim for compensation was dealt with by the Bureau places him squarely within the provisions of R.S. 34:15-43." (30 N.J. Super., at p. 469.) The court also held that Flynn did not have a vested right to compensation and, as a result, the statute did not unconstitutionally *277 or otherwise deprive him of same (at p. 471). We affirmed, finding no distinction between whether the petitioner or governmental body initiated the retirement. We held:
"* * * We conclude that the test is whether the petitioner was or was not receiving pension benefits at the time he was to receive compensation benefits. Where that question is answered in the affirmative the former bars the latter. Accrual of a right to benefits does not exist until there is a formal agreement or award * * * and under the statute in question, those retirement benefits barred compensation benefits.
The right to workmen's compensation rests upon the statute which both creates and measures that right. We find no vested right of an employee therein. The receipt of compensation and the effect thereupon of receipts of pensions and other benefits is controlled by statutory provisions and the circumstances of each case. 58 Am. Jur., sec. 306, p. 792; 119 A.L.R. 920." (32 N.J. Super., at pp. 523-524; emphasis added)
Accord, Pirher v. Board of Public Works of South River, 35 N.J. Super. 193 (Cty. Ct. 1955), affirmed 37 N.J. Super. 482 (App. Div. 1955), certification denied 20 N.J. 465 (1956). The bar against double benefits does not apply to dependents of deceased government employees, Eckert v. New Jersey State Highway Dept., 1 N.J. 474 (1949); to volunteer firemen where the source of both compensation and pension benefits would not be the same governmental body, Loges v. Town of Newton, 5 N.J. Super. 433 (App. Div. 1949), affirmed o.b. sub nom. Kays v. Town of Newton, 4 N.J. 356 (1950), or when the petitioner retires due to age and service rather than as a result of the work-connected disability, Pisapia v. City of Newark, 47 N.J. Super. 353 (Cty. Ct. 1957). But the force of the Reinhold doctrine has not been limited.
Neither the former Court of Errors and Appeals nor our present Supreme Court passed on the exact issue at bar. The former, however, pointed out that one cannot be both an "employee" and a pensioner at the same time. It stated that a pensioner becomes a former employee, not "entitled to any of the benefits which may accrue to the employee." DeLorenzo *278 v. Board of Com'rs of City of Newark, 134 N.J.L. 7, 9 (E. & A. 1945)  see Pirher v. Bd. of Public Works, supra, 37 N.J. Super., at p. 484. Our new Supreme Court has cited both Pirher and Flynn, supra, apparently with approval. See Renshaw v. United States Pipe and Foundry Co., 30 N.J. 458, 466 (1959). It has also stated, "The language of R.S. 34:15-43, N.J.S.A., is plain, clear and unambiguous." Eckert v. New Jersey State Highway Dept., supra, at p. 479. Despite this and the Reinhold line of cases interpreting it, the statute has never been amended to modify the type of situation before us  and this despite the fact that the statute has been amended to change that portion of Reinhold dealing with medical expenses. 134 N.J.L., at p. 419. See Saly v. Town of Kearny, 85 N.J. Super. 586, 588-589 (Cty. Ct. 1964), affirmed o.b. 90 N.J. Super. 144 (App. Div. 1966).
Ziegler argues that (1) the right to compensation cannot depend on the chance of the hearing date, and (2) the State's answer in the compensation hearing was a formal agreement or award to pay compensation. The first of these contentions was rejected in both Reinhold and Flynn, supra, and the second was rejected in Flynn. There is no contention that the State failed to amend its answer to reveal Ziegler's pension benefit, cf. Breheny v. Essex County, 136 N.J.L. 87 (Sup. Ct. 1947), affirmed 136 N.J.L. 524 (E. & A. 1947); in fact the opinion of the judge of compensation indicates the opposite. No res judicata argument is, therefore, applicable, and the pleadings in the case at bar can be no more binding than they were in the Flynn case.
As the above cases reveal, there is a statutory and not a constitutional right to compensation. We find no merit in Ziegler's claim that the statute is unconstitutional as applied to him. See Flynn v. Union City, supra, 30 N.J. Super., at p. 471; 32 N.J. Super., at p. 524. As was said by this court in Flynn:
*279 "We have considered the plaintiff's contention as to the unconstitutionality of the statute in question and while that point has not been adjudicated particularly heretofore, the DeLorenzo, Reinhold and Eckert cases, supra, are authority for and tacit approval thereof. * * *." (32 N.J. Super., at p. 524)
Affirmed.