PETER P. STARKEY, APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF PENSIONS, PUBLIC EMPLOYEES' RETIREMENT SYSTEM, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 2, 1981—Decided January 13, 1982.

Before Judges MILMED, JOELSON and SEIDMAN.

*Samuel J. Halpern* argued the cause for appellant.

*William P. Malloy,* Deputy Attorney General, argued the cause for respondent (*James R. Zazzali,* Attorney General of New Jersey, attorney; *Erminie L. Conley,* Assistant Attorney General, of counsel; *William P. Malloy,* on the brief.

The opinion of the court was delivered by

MILMED, P. J. A. D.

This appeal brings up for review the propriety of the action of the Division of Pensions in the State Department of the Treasury (Division), in reducing appellant's veteran's retirement allowance by a workers' compensation "actuarial reduction." Involved is the proper interpretation and application of *N.J.S.A.* 43:15A–25.1(b), *N.J.S.A.* 34:15–29 and *N.J.S.A.* 34:15 43.

The essential facts may be briefly summarized. Appellant Peter P. Starkey was born on August 19, 1915. He began employment as a welder with the New Jersey Neuropsychiatric Institute on April 16, 1953, was enrolled in the Public Employees' Retirement System of New Jersey (PERS) as of January 1, 1955 and, being a Navy veteran of World War II, became qualified for a veteran's retirement allowance under *N.J.S.A.* 43:15A–61(a) on his sixtieth birthday, August 19, 1975, after more than 20 years of continuous employment with the State. On August 8, 1976 appellant sustained work-related injuries to his back when sewage gas exploded while he was welding. He received his full salary in the form of sick leave benefits from the date of the explosion until his retirement on July 1, 1977 on a veteran's age-service retirement allowance pursuant to *N.J. S.A.* 43:15A–61(a). The monthly retirement allowance for which he qualified at the time consisted of a pension of $471.56 and an annuity of $80.67, for a total of $552.23. On November 27, 1979 an order was entered in the Division of Workers' Compensation approving settlement of the claim petition which he had filed because of the injuries he sustained in the August 8, 1976 accident. The settlement provided for payment to appellant of $40 a week for 110 weeks, for a total of $4,400, for the partial permanent disability resulting from the explosion.

By letter of December 27, 1979 the attorney who appeared for appellant in the workers' compensation matter notified the Division of Pensions of the order entered on the settlement of appellant's claim. Appellant was thereafter informed by the

Division of Pensions that since he was receiving periodic worker's compensation benefits subsequent to the date of his retirement, his veteran's pension must be reduced by the actuarial value of those benefits allocated to the weeks subsequent to July 1, 1977, the date of his retirement. Appellant disagreed and through his attorney asked that the PERS Board of Trustees review the matter and remove the reduction. Counsel emphasized that since appellant's retirement was based on age and service, and not on work-connected disability, his pension was not subject to the claimed reduction. The Board, however, denied the request to remove the "actuarial reduction," reasoning that *N.J.S.A.* 43:15A–25.1 "does not differentiate between a disability pension and a veteran's service or Early retirement." This appeal from that denial followed.

Respondent argues that the denial by the Board of appellant's request for removal of the reduction in his veteran's retirement allowance "was compelled by *N.J.S.A.* 43:15A–25.1(b)." We disagree. We find nothing in the text of the legislation to warrant the conclusion drawn by the respondent. *N.J.S.A.* 43:15A–25.1(b), which was last amended by *L.*1971, *c.* 213, § 46, effective June 17, 1971, reads as follows:

> b. An application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the [Workers'] Compensation Law. In this event the actuarial equivalent of such periodic benefits remaining to be paid shall be computed and will serve to reduce the pension portion of the retirement allowance payable to the retirant, subject to the provisions of section 64 of chapter 84 of the laws of 1954.

It is clear from the record before us that when, on July 20, 1977, the PERS Board of Trustees approved his application for a veteran's age-service retirement allowance pursuant to *N.J.S.A.* 43:15A–61(a), effective July 1, 1977, Starkey was not receiving any "periodic benefits under the [Workers'] Compensation Law." As noted above, it was not until more than two years later, on November 27, 1979, that an order approving

settlement of his claim petition was entered in the Division of Workers' Compensation. Thus, the Board's reliance upon subsection (b) of *N.J.S.A.* 43:15A–25.1, as authority for imposition of the "actuarial reduction" in this case, is entirely misplaced. For a clear resolution of the single issue raised on this appeal, we turn to two other statutes, sections of the Workers' Compensation Act, *N.J.S.A.* 34:15–1 *et seq.*

*N.J.S.A.* 34:15–43, a section of the act which extends workers' compensation coverage to public employees, contains the following limitation:

> ... No former employee who has been retired on pension *by reason of injury or disability* shall be entitled under this section to compensation for such injury or disability; provided, however, that such employee, despite retirement, shall, nevertheless, be entitled to the medical, surgical and other treatment and hospital services as set forth in R.S. 34:15–15. [Emphasis supplied]

This provision has been given clear and concise judicial construction. In *In re Smith Application*, 57 *N.J.* 368 (1971), Justice Francis, speaking for a unanimous court, noted that

> The receipt of compensation and the effect thereupon of receipt of pensions are controlled by the pertinent statutory provisions and their relation to the circumstances of each case. *Flynn v. Union City*, 30 *N.J.Super.* 467 (Cty.Ct.), aff'd 32 *N.J.Super.* 518 (App.Div.1954), certif. denied 17 *N.J.* 253 (1955). And since the purpose of *N.J.S.A.* 34:15–43 is to withhold benefits that ordinarily would go to public employees who suffer injury arising out of or in the course of their employment, it has been strictly construed. *Swan v. Board of Trustees of Teachers' Pension and Annuity Fund*, 85 *N.J.Super.* 226, 231 (App.Div.1964). Consequently its bar against receipt of compensation and a pension arising out of the same accident *does not apply* ... *to a person on an ordinary retirement pension based on age and service, as distinguished from a work-connected disability allowance*, Pisapia v. City of Newark, 47 *N.J.Super.* 353 (Cty.Ct. 1957).... [at 374; emphasis supplied]

In *Pisapia*, which is cited with approval in the above quotation from *In re Smith Application*, Judge Edward Gaulkin, referring to the above-quoted limitation in *N.J.S.A.* 34:15-43, pertinently commented:

> Obviously the language of this statute does not apply to the case at bar, because Pisapia [here Starkey] was not retired "by reason of injury or disability," but by reason of age and service. [47 *N.J.Super.* at 363]

Appellant's reasoning that, since his retirement was based on age and service, and not on work-connected disability, his pension is not subject to the claimed "actuarial reduction," finds conclusive support in a 1977 amendment to a further section of the Workers' Compensation Act, viz., N.J.S.A. 34:15–29. The amendment, L.1977, c. 156, § 1,[1] states that:

> The right of compensation granted by this chapter [N.J.S.A. 34:15–1 et seq.] may be set off against disability pension benefits or payments but shall not be set off against employees' retirement pension benefits or payments.

The amendatory language is clear and unambiguous. Nothing therein suggests, as does the Attorney General in the brief submitted on behalf of respondent, that the amendment was meant to apply only to private retirement pension plans. Thus, the prohibition against "set off" expressed in the legislation is in harmony with the limitation on entitlement to workers' compensation contained in N.J.S.A. 34:15–43, hereinabove quoted, and the explicit judicial construction placed on that limitation in In re Smith Application, supra, and Pisapia v. Newark, supra.

Assembly Bill 1309 of 1976, the official copy reprint of which became L.1977, c. 156, on its approval by the Governor on July 14, 1977, was the subject of an information release that day by the Office of the Governor. As noted in 2A Sutherland, Statutory Construction (4 ed. Sands 1973), § 48.05 at 201:

> The governor's action in approving or vetoing a bill constitutes a part of the legislative process, and therefore the action of the governor upon a bill may be considered in determining legislative intent.

The information release by the Office of the Governor clearly shows that both the Division of Pensions and the Governor were

---

[1]In Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402, 419 (1981), the United States Supreme Court concluded that this legislation was "pre-empted by federal law insofar as it bears on pension plans governed by ERISA," the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001 et seq. ERISA applies only to private "employee benefit plan[s]." See 29 U.S.C.A. § 1003(a); 29 U.S.C.A. § 1002(3). It is, accordingly, not applicable to the "governmental plan" here involved. See 29 U.S.C.A. § 1003(b)(1); 29 U.S.C.A. § 1002(32) and 29 U.S.C.A. § 1144(a).

fully aware of the fact that the new legislation was to apply to the state retirement pension plans. The release in regard to the signing of the bill reads:

Governor Brendan Byrne today also signed into law *A–1309* sponsored by Assemblyman Christopher J. Jackman, D-Hudson, which amends R.S. 34:15–29.[2]

The bill provides that worker's compensation payments may be deducted from disability pension benefits or payments but they may not be deducted from an employee's retirement pension benefits or payments.

Prior to this amendment, a worker who was disabled and then retired could have his retirement pension payments decreased by the amount of his workmen's compensation benefits.

The Division of Pensions estimates that when applied to public pension plans, this bill will affect about three cases each month at an average annual cost of approximately $108,000.

From all of the foregoing we conclude that the action of the Division of Pensions in reducing appellant's veteran's retirement allowance by a worker's compensation "actuarial reduction" was unwarranted.

The final administrative determination under review is reversed. The matter is remanded to the Division of Pensions in the State Department of the Treasury with direction to reinstate appellant's full retirement allowance, retroactive to May 1, 1980, the date of the first reduction.

We do not retain jurisdiction.

---

[2] It appears that the bill was approved over the objections of the Division of Pensions.