[No. 13427.  Department One.  August 21, 1916.]

OSCAR ENGSTROM, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

H. F. TONKIN, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—CIVIL SERVICE—INJURY TO EMPLOYEE— PENSION.  Under Seattle City Charter, art. 16, § 32, providing that any person in the service of the city under civil service who shall be disabled in the discharge of his duties shall receive full pay during such disability not to exceed thirty days and half pay not to exceed six months, the pension provided is a part of the consideration for the services of the employee, and the fact that the employee recovered damages from the person injuring him does not relieve the city from liability for the pension.

SAME.  Such an employee is "disabled in the discharge of his duties" and so entitled to the pension, where he was in the service of the city and discharging his duties when he was injured by the negligence of some agency other than the agency of the city.

[1]Reported in 159 Pac. 816.

Appeal from a judgment of the superior court for King county, Smith, J., entered December 24, 1915, upon findings in favor of the defendant, dismissing an action by a civil service employee to recover a pension, tried to the court. Reversed.

*Morton T. Hunter*, for appellants.

*Hugh M. Caldwell* and *Walter F. Meier*, for respondent.

MOUNT, J.—These two cases involve the same principle of law, and the decision of one decides the other.

. The facts in the Engstrom case are as follows: On August 27, 1913, Mr. Engstrom was a civil service employee of the city of Seattle, engaged in work upon the streets and sewer system of that city at a daily wage of $2.75. On that day, Mr. Engstrom was injured while engaged in his work, through the negligence of the Puget Sound Electric Railway Company, a common carrier, operating across, along, and over the streets of the city of Seattle. He was injured and incapacitated for a period of thirteen months. On or about January 14, 1914, Mr. Engstrom commenced a suit against the railway company, and recovered a judgment in the sum of $4,000, on account of injuries and for loss of time. This judgment was paid. Thereafter, on May 12, 1915, this action was brought by Mr. Engstrom against the city of Seattle to recover the sum of $288, alleged to be due under the charter provision hereinafter quoted. Upon these facts the trial court was of the opinion that the plaintiff was not entitled to recover, and dismissed the action. The plaintiff has appealed.

At the time of the employment, and at the time of the injury, the city charter of the city of Seattle contained this provision:

"Art. 16, Sec. 32. Payment of Persons Disabled in Service: Medals of Honor:—Any person in the service of the city under civil service appointment who shall be disabled in the discharge of his duties, shall receive full pay during

such disability not to exceed thirty days, and half pay not to exceed six months, or who shall be permanently injured or disabled while in the line of duty, shall receive pay while such disability continues, to be fixed by the city council, not exceeding twenty per cent of the pay received by such person at the time of injury. The commission shall prescribe such rules as may be necessary for carrying out the purposes of this section, and may provide a suitable medal of honor for distinguished bravery or service while in the line of duty."

In March, 1916, this section of the city charter was amended so as not to include persons engaged in extrahazardous occupations, or who were not included in any other state law providing for pensions or disability allowances. But it is conceded that this amended section does not apply to these cases.

The trial court was of the opinion that this section of the city charter was not intended to establish a pension system for civil service employees whenever discharging their duties; that the provision was merely compensatory and not cumulative; and because the plaintiff had recovered from the railway company which caused the injury, that he was not again entitled to compensation from the city for time lost by reason of the injury. In this we think the trial court was in error.

The section of the charter above quoted clearly provides that any person in the service of the city under civil service appointment, who shall be disabled in the discharge of his duties, shall receive full pay during such disability not to exceed thirty days, and half pay not to exceed six months, etc.

When the appellant Engstrom entered the employ of the city, this provision of the charter was as much a consideration for his services as the wage of $2.75 per day. It was clearly the intention of the charter of the city of Seattle when this section was enacted that, when any person falling within the terms of the charter was disabled in the discharge of his duties, he was to receive pay for the time stated. This

was in addition to his daily wage. And if no other person were responsible for an injury or the disability of an employee, it is too clear for argument that the city would be liable, not only for the daily wage during the time the disabled person had worked, but also for full and half pay for the time specified in the charter provision after disability. In short, it seems clear that this section was a part consideration for the services of the employee. It was in the nature of a pension for the services which had theretofore been rendered by the employee.

In *Heath v. Seattle Taxicab Co.*, 73 Wash. 177, 131 Pac. 843, where a suit was brought by a policeman who had been injured by the negligent act of a taxicab company, and where an instruction was asked to the effect that, if the jury believed from the evidence that the plaintiff had been reimbursed for his loss of wages out of the police pension fund of the city of Seattle, and for his hospital and medical bills, then the plaintiff was not entitled to recover against the defendant in that case the sums for which he had already been reimbursed by the city out of that fund. We held, upon appeal to this court, that the trial court properly refused to give the instruction, saying:

"The plain purpose of the act is to create a fund for the benefit of the policeman, into which he pays one and one-half per cent of his monthly salary as a consideration for participation in its benefits. It is, in its essence, municipal insurance for which a consideration is paid. We can see no difference in principle between this and ordinary accident insurance, so far as the question here involved is concerned. The fact that a person injured by another's negligence, having accident insurance for which he has paid, is reimbursed by the insurance company for his loss of time and expenses caused by the injury, cannot preclude him from maintaining an action for these same items against the person causing the injury. It would be contrary to public policy, and shocking to the sense of justice, to hold that the proceeds of insurance paid for by the injured person for his own benefit or that of his widow and children should inure to the benefit

of, and grant immunity to, the person whose negligence, willful or otherwise, injured him or caused his death. (Citing a number of cases.)"

That was a case apparently where, at the time of the trial, the city had paid to the plaintiff the benefits under the charter; while this is a case where, at the time the suit was brought against the traction company, the city had not paid the benefits under the charter. If it was not error to refuse to give the requested instruction in that case, it clearly would not have been error to refuse to give a similar instruction in the case of Engstrom against the railway company, for the reasons stated in the *Heath* case. It is true in the *Heath* case one and one-half per cent of the monthly salary of the policeman was placed in the fund from which injured policemen were paid. But we are of the opinion that the taking of this small percentage from the salary of the policeman and placing it into this fund did not place him in a better position than Mr. Engstrom was in when, under his contract with the city, he was entitled to $2.75 per day for the days he worked, and full pay for thirty days and half pay not to exceed six months while disabled, under the charter. We think there was ample consideration for the benefits to be received under the city charter, and that the benefits in the *Heath* case were no more a pension than were the benefits in this case. We think the *Heath* case is in point, and that the trial court should have followed the rule there announced. It is no doubt the rule that Engstrom could not collect against the city more than once for his services. *Longfellow v. Seattle*, 76 Wash. 509, 136 Pac. 855. The fact that he collected damages from the persons injuring him while he was in the employment of the city and in the line of his duty, did not relieve the city from complying with its contract of employment with Mr. Engstrom.

The respondent also contends that Mr. Engstrom was not disabled in the discharge of his duties. It is conceded that

he was injured while engaged in his work through the negligence of the electric railway company.

The respondent cites *Rhodes v. United States*, 79 Fed. 740, where an act of Congress provided that a soldier "disabled by reason of any wound or injury received, or disease contracted, while in the service of the United States and in the line of duty" should be entitled to a pension. It seems that the trial court in that case instructed that the service must have been the cause of the disease, and not merely coincident with it in point of time; and the court held that this definition was right, because the statute allows a pension for wounds or injuries received and diseases contracted in the service and in the line of duty. In that case it was necessary that the soldier must have been both in the service and in the line of duty at the time he contracted the disease, or that he would not be entitled to a pension.

In this case the provision is that any person in the service of the city who shall be disabled in the discharge of his duties shall be entitled to the benefits under the charter provision. It is conceded here that the respondent was in the service of the city and in the discharge of his duties when he was injured. It is true he was injured by the negligence of some other agency than that of the city. But no exception is made in the charter provision; and conceding that in the discharge of duty means in the line of duty, he was so injured in this case. And he was injured by reason of the fact that he was in the line of his duty and in the discharge of his duty. We are satisfied that the rule in the *Rhodes* case, *supra*, is not opposed to the rule we now announce, because in this case the appellant, at the time he was disabled, was in the discharge of his duties and in the line of his duties. We are of the opinion, for the reasons above stated, that the charter provision above quoted provides for a pension in substance; that the consideration therefor was the employment and service rendered under the employment; and that the remedy against the person injuring him was cumulative,

which he might pursue if he saw fit, and that in pursuing that remedy he did not relieve the city from paying the wages and the benefits accruing under the charter provision.

The judgment of the trial court is reversed, and the cause remanded with instructions to enter a judgment for the amounts prayed for in the complaints.

Morris, C. J., Chadwick, Fullerton, and Ellis, JJ., concur.