VIOLA M. ECKERT, PETITIONER–RESPONDENT, v. NEW JERSEY STATE HIGHWAY DEPARTMENT, RESPONDENT–APPELLANT.
MARION MEURY, PETITIONER–RESPONDENT, v. NEW JERSEY STATE HIGHWAY DEPARTMENT, RESPONDENT–APPELLANT.

Argued February 7, 1949—Decided February 28, 1949.

*Mr. Samuel L. Shapiro* argued the causes for the petitioners-respondents.

*Messrs. Moore & Moore,* attorneys for petitioner-respondent Marion Meury *(Mr. Arthur D. McTighe* on the brief*).*

*Mr. William K. Miller,* Deputy Attorney General, argued the causes for the respondents-appellants *(Mr. Walter D. Van Riper,* Attorney General, on the briefs*).*

The opinion of the court was delivered by

OLIPHANT, J.  The meritorious question presented in these appeals, which were consolidated for the purpose of argument, is whether or not both pensions and workmen's compensation benefits can be paid to the dependents of public employees accidently killed in the actual performance of their duties. Identical questions of law are presented in both cases.

Walter C. Eckert and Herman J. Meury were employees of the New Jersey State Highway Department.  It is conceded they both suffered instant death as the result of accidents arising out of and in the course of their employment, of which the State had due notice.

Following the death of the employees the respective widows, on behalf of themselves and other dependents, filed applications for State pensions under the State Employees Retirement System, *R. S.* 43:14–37, and the pensions were granted.

Thereafter, while receiving the State pensions, the petitioners-respondents filed Dependent's Claim Petitions for compensation with the Workmen's Compensation Bureau of the New Jersey Department of Labor and the claims were allowed. Appeals were then taken from the judgments of the Bureau to the Common Pleas Courts of Atlantic and Sussex Counties, which in each instance, resulted in an affirmance. Writs of certiorari were then allowed and the former Supreme Court affirmed the judgments of the Courts of Common Pleas.

Two points are raised by appellant in these appeals, (1) that there is no legislative authority which expressly permits the payment of both pensions and workmen's compensation benefits to dependents of a public employee; and (2) dependents of a public state employee accidently killed in the actual performance of his duties who elect to receive a pension under Title 43 of the Revised Statutes, paid for wholly by the State, are thereafter precluded from obtaining workmen's compensation benefits, paid for wholly by the State, under Title 34 of the Revised Statutes.

It is first argued that the receipt of both a pension and compensation benefits results in double compensation for one accident paid for from the same source and that this is unsound, contrary to public policy and without legislative authority. Reliance is placed upon the cases of *DeLorenzo v. Board of Commissioners of the City of Newark,* 134 *N. J. L.* 7 *(E. & A.* 1946) and *Reinhold v. Town of Irvington,* 134 *N. J. L.* 416 *(Sup. Ct.* 1946). In the former case the public employee was receiving workmen's compensation benefits when he attempted to also recover a pension, in the latter the employee was receiving a pension when he attempted to additionally recover workmen's compensation benefits. It was held in the *DeLorenzo case* "The relationship of an employer and an employee is not consistent with the position of a pensioner as such, for the reason that a pensioner severs all relationship of employer and em-

ployee, he has no further duty to his employer nor is he entitled to any of the benefits which may accrue to an employee. An employee receiving workmen's compensation is under the relationship of employee and employer, as is indicated by the fact that such employee must continue to be carried on the public payroll pursuant to R. S. 34:15–44. The plaintiff must be one or the other and as he admittedly now receives workmen's compen-. sation he is an employee. We, therefore, hold that the plaintiff cannot have the benefits of both statutes." In the *Reinhold case* compensation was denied prosecutor, by virtue of the statute R. S. 34:15–43 which provides "nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability."

It is to be observed that the Court in those cases was dealing with the claims of employees, living individuals, and they are not controlling here where the problem relates to dependants of deceased employees. A pension given a public employee under the Pension Act is "a reward for past services and a safeguard against want in old age," what he receives under the Compensation Act is compensation for the disability resulting from injury. *DeLorenzo v. Newark, supra.* The status of a dependent is incompatible with that definition. The relationship between employer and employee never existed between the dependents of these deceased public employees and their employers and there therefore could be no severance of such relationship in the case of the allowance of a pension to the dependents and likewise no continuance of that relationship in the case of compensation benefits. The word "dependent" cannot be found in R. S. 34:15–43, *supra*. These dependents stand or fall on their own separate rights as such.

Appellant correctly states there is no legislative authority expressly permitting payment of both pension and compensation benefits but on the other hand there is no legislative prohibition against such payments and there appears to be legislative sanction therefor, if not explicitly, at least inferentially. The original Workmen's Compensation Act *(P. L. 1911, Chap. 95)* applied to municipal corporations and their employees. *Allen*

*v. City of Millville,* 87 *N. J. L.* 356 *(Sup. Ct.* 1915*).  Par.* 12 of this act provided for the computation of compensation in cases of death and *Par.* 19 for the payment thereof.  In 1913 a supplement *(P. L.* 1913, *Chap.* 145*)* was added specifically relating to public employees.  In this act it was provided that no one receiving a salary greater than $1200.00 per year should be entitled to compensation, further, that nothing contained in the act should be construed as affecting any pension fund then or thereafter provided by law, and that when any payments should be due under the act in case of the death of an employee, his name should be carried upon the payroll.  In *Jersey City v. Borst,* 90 *N. J. L.* 454 *(Sup. Ct.* 1917*)* the aforesaid salary restrictive clause was construed to apply only to employees of the class designated and not to the provisions of the act relating to the dependents of a deceased employee.

By further amendment, *P. L.* 1931, *Chap.* 355, the exclusion clause of the 1913 supplement, supra, was amended and later became *R. S.* 34:15-43.  This reads "Nor shall any *former employee* who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability."  (Italics supplied).

In construing legislation we must assume the Legislature was thoroughly conversant with its own legislation and the judicial construction placed thereon.  *Brower v. Township of Franklin,* 119 *N. J. L.* 417 *(Sup. Ct.* 1938*).*  Further the Legislature is charged with knowledge of its own enactments.  *Lanning v. Hudson County,* 127 *N. J. L.* 10 *(Sup. Ct.* 1941*).*  It follows that the Legislature in adopting *P. L.* 1931, *Chap.* 355 and *R. S.* 34:15-43, *supra,* did so well knowing that the salary restrictive clause in the 1913 supplement, supra, had been judicially construed as not to affect the right to compensation of dependents in a designated class.

The language of *R. S.* 34:15-43 is plain, clear and unambiguous.  It is elementary that the intent of the Legislature is to be gleaned from the language of the statute and that Courts cannot arbitrarily expand the scope of a statute beyond the plainly expressed legislative intent.  A judicial expansion of the act to include "dependents" would amount to judicial legislation

and constitute the exercise of the legislative function by the Court. *Singer Sewing, etc. Co. v. N. J. Unemployment, etc.,* 128 *N. J. L.* 611 *(Sup. Ct.* 1942*)*.

Nowhere, in either the Pension Act or the Workmen's Compensation Act, can there be found a requirement calling upon dependents of a state employee to make an election between the receipt of pensions or compensation. If the Legislature did not contemplate the receipt of double recovery by dependents of a deceased employee, as claimed, it has not declared such intention either expressly or by implication. If the position of the State in the instant cases, and it seems to be, is that an election between the two must be exercised, its forum is the Legislature not the courts.

The argument of appellant is not buttressed by the provisions of *R. S.* 34:15–40, sometimes called the third party recovery act. Dependents under that statute are entitled to any surplus left after the employer is reimbursed for any compensation liability. In such a situation there is no double recovery or payment by the employer.

It is claimed that the petitioners' rights are derivative and therefore petitioners are entitled to no greater rights than would have been accorded their decedents had they lived. The rights of dependents to compensation are independent and separate rights flowing to them from the act itself. They are not rights to which they succeed as the representatives of the husband and father. *Lusczy v. SeaBoard By-Products Co.,* 101 *N. J. L.* 170 *(E. & A.* 1925*); Laird v. State of Vermont Hwy. Dept.,* 112 *Vt.* 67, 20 *Atl. Rep.* 2d 555.

It is said, and may be argued, that a pension paid by the State being in the nature of a gratuity it is against public policy to allow benefits in addition thereto from another source payable by the State. The Legislature is the arbiter of the public policy of the State, that is solely its prerogative with which, when declared, the Courts have no concern except to see it kept within constitutional bounds. *Canter, &c., Inc. v. Retail Furniture, &c., No.* 109, 122 *N. J. Eq.* 575, 589 *(Ch.* 1937*); Kobylarz v. Mercer,* 130 *N. J. L.* 44 *(E. & A.* 1942*)*.

The judgments are affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices HE-HER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal:* Justice CASE—1.