6 N.J. Super. 185 (1950)
70 A.2d 778
CLIFFSIDE DYEING CORPORATION, APPELLANT,
v.
HOMER C. ZINK, DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1949.
Decided January 20, 1950.
*186 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Leopold Frankel argued the cause for the appellant (Messrs. Frankel & Frankel, attorneys).
*187 Mr. Joseph A. Murphy argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney General, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The validity of an assessment made by the Commissioner of Taxation under R.S. 54:10A-1 et seq. (prior to 1947 amendment), known as the Corporation Business Tax Act, and affirmed by the Division of Tax Appeals, is the issue to be determined by this appeal.
Under the facts as stipulated in this case, among the liabilities of the Cliffside Dyeing Corporation reported for the fiscal year ending May 31, 1946, were: $5,135 due Gregor A. Meier, a 56% stockholder and $8,136 due Alphonse Van Houten, a 27% stockholder, and $4,000 due Gregor Meier (father of the majority stockholder, Gregor A. Meier). The Commissioner in levying the Corporation Franchise Tax included the first two items of indebtedness in the corporate net worth under R.S. 54:10A-4 as indebtedness owing directly to stockholders owning ten per centum (10%) or more of the capital stock. The third item was included in the computation of the corporate net worth as indebtedness owing indirectly to a stockholder owning ten per centum (10%) or more of the capital stock.
The appellant corporation contends that the first two items above-mentioned owed directly to the above-mentioned stockholders constituted salaries, bonuses and dividends; that the indebtedness due the father of the majority stockholder represented a bonus, all of which accrued as of May 31, 1946, and were paid less than three months thereafter. The appellant argues that the Legislature did not intend that accruals of salary, bonuses or dividends as "indebtedness" were to be includible in net worth under the aforementioned statute and advanced the same contentions argued by the appellant in the case of Werner Machine Company, Inc., v. Homer C. Zink, Director, Division of Taxation, Department of the Treasury, 6 N.J. Super. 188.
For the reasons set forth in our decision in the case of Werner Machine Company, Inc., v. Homer C. Zink, Director, *188 Division of Taxation, Department of the Treasury, supra, filed concurrently with this opinion, we hold that the salaries, bonuses and dividends due stockholders Gregor A. Meier and Alphonse Van Houten were properly includible in the term "indebtedness" under R.S. 54:10A-4, but that the bonus due Gregor Meier (father of the majority stockholder, Gregor A. Meier), was not properly includible in the computation of net worth under the statute in effect at that time.
The assessment of the Commissioner of Taxation is affirmed as to the inclusion of the indebtedness due Gregor A. Meier and Alphone Van Houten, but is reversed as to the inclusion of the indebtedness due Gregor Meier.