6 N.J. Super. 188 (1950)
70 A.2d 774
WERNER MACHINE COMPANY, INC., APPELLANT,
v.
HOMER C. ZINK, DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1949.
Decided January 20, 1950.
*190 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Leopold Frankel argued the cause for the appellant (Messrs. Frankel & Frankel, attorneys).
Mr. Joseph A. Murphy argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney General, attorney).
*191 The opinion of the court was delivered by EASTWOOD, J.A.D.
This appeal questions the validity of an assessment made by the Commissioner of Taxation under R.S. 54:10A-1 et seq. (prior to 1947 amendment referred to hereinafter), known as the Corporation Business Tax Act, affirmed by the Division of Tax Appeals.
The pertinent portions of the Corporation Business Tax Act are:
R.S. 54:10A-2: "Every domestic or foreign corporation which is not hereinafter exempted shall pay an annual franchise tax for the year one thousand nine hundred and forty-six and each year thereafter, as hereinafter provided, for the privilege of having or exercising its corporate franchise in this state, or for the privilege of doing business, employing or owning capital or property, or maintaining an office, in this state. And such franchise tax shall be in lieu of all other state, county or local taxation upon or measured by intangible personal property used in business by corporations liable to taxation under this act."
R.S. 54:10A-4: "`Net worth' shall mean the aggregate of the values disclosed by the books of the corporation for (1) issued and outstanding capital stock, (2) paid-in or capital surplus, (3) earned surplus and undivided profits, (4) surplus reserves which can reasonably be expected to accrue to holders or owners of equitable shares, not including reasonable valuation reserves, such as reserves for depreciation or obsolescence or depletion, and (5) the amount of all indebtedness owing directly or indirectly to holders of ten per centum (10%) or more of the aggregate outstanding shares of the taxpayers' capital stock of all classes, as of the close of a calendar or fiscal year. However, if in the opinion of the commissioner, the corporation's books do not disclose fair valuations the commissioner may require any additional information which may be necessary for a reasonable determination of the net worth which, in his opinion, would reflect the fair value of the assets carried on the books of the corporation, in accordance with sound accounting principles, and such determination shall be used as net worth for the purpose of this act."
Under the facts as stipulated by the parties, the entire outstanding stock of Werner Machine Company, Inc., appellant, and Werner and Company was owned by one stockholder, Werner P. Rose. Among the liabilities appearing on the balance sheet of Werner Machine Company, Inc., was $50,000 principal and $1,301 interest, indebtedness due Werner and Company. This indebtedness appeared on the balance sheet *192 of Werner and Company as an asset and a franchise tax was paid by that company, computed on the basis of the corporate net worth under the aforementioned statute. Acting under the authority of the applicable statute, the Commissioner of Taxation included the aforementioned indebtedness in the net worth of the Werner Machine Company, Inc., as defined by R.S. 54:10A-4.
The following indebtedness also appeared as liabilities on the balance sheet of Werner Machine Company, Inc., viz.: Estate of Paul Rose (estate of deceased father of sole stockholder, Werner P. Rose), $86,060; Eunice H. Rose (wife) Trustee for Paul Frederick Rose (son), $28,630; Eunice H. Rose (wife), Trustee for Barbara Ann Rose (daughter), $28,630; Margaret R. Kuhn (sister), $13,500; Annalee R. Gessinger (sister), $13,500. Because all of the foregoing trustees, cestuis que trust and individual creditors, although not stockholders, were relatives of the controlling stockholder, Werner P. Rose, the Director determined that they were members of his immediate family and, therefore, these items of indebtedness were properly includible in the net worth of the appellant corporation as a basis for taxation, whereupon he made an additional assessment of $171.56.
Appellant contends that the Legislature set up an unjust and unequal system of taxation, lacking in uniformity; that the tax is a denial to taxpayers of equal protection of the law; that it bears unevenly upon taxpayers of the same class and amounts to triple taxation; that it is an assault upon the estate and trust entity; that the Commissioner exceeded his authority and that the words "immediate family" were misinterpreted by the Commissioner to be included within the statutory provision relating to indebtedness owing indirectly to shareholders owning ten per centum (10%) or more of the corporate stock.
Respondent argues that the indebtedness in question was owing directly or indirectly to holders of ten per centum (10%) or more of the aggregate outstanding shares of the taxpayer's capital stock of all classes and as such is includible in net worth under R.S. 54:10A-4 supra; that the criterion *193 for determining the includibility in the basis for franchise taxation is the statement of financial affairs by the corporation at the close of its fiscal year and whether such a debt is due or owing at that time is a matter exclusively within the corporate control; that the Act in question imposes a franchise tax or license fee for doing business within this State and is not within Article IV, Section VII, paragraph 12, of the New Jersey Constitution of 1844, as amended, which refers to property taxes.
It is clear that under the pertinent statute the legislative intendment was the imposition of a franchise tax upon all corporations doing business within New Jersey, exacting as a fee that which would result in a proportionately equal burden upon all corporations whether they operate on deficit financing or on an equity capital basis. It is well settled that the State has the power to levy such a tax. New Jersey Realty Title Insurance Co. v. Division of Tax Appeals, 1 N.J. 496 (Sup. Ct. 1949). Pursuant to this legislative intendment, the Act computed the tax on the basis of corporate "net worth," the aggregate of the values disclosed by the books of the corporation at the end of the fiscal or calendar year under the formula set forth in that Act. The Act also provides that where the Commissioner is of the opinion that the corporate books have failed to disclose a fair valuation the Commissioner may make a determination of such value for the purpose of this Act. The validity of computing a franchise tax on this basis has been recognized by the courts of this country. Southern Realty Corp. v. McCallum, 65 Fed.2d 934. So that corporations holding extensive assets may not, by borrowing money from large stockholders (which in reality increases their operating capital), reduce their reported net worth and avoid payment of a higher franchise tax, provision was made to include as net worth all indebtedness owing directly or indirectly to owners of ten per centum (10%) or more of the aggregate stock of the debtor corporation.
Appellant argues further that accruals of interest do not constitute indebtedness and consequently are not includible *194 in the net worth under the statute. As defined by Webster's New International Dictionary, 2d ed., we find the word "indebtedness" to mean: "The sum owed, debts collectively." "Debt" in the present connotation is defined as "that which is due from one person to another, whether money, goods, or services; that which one person is bound to pay to another, or to perform for his benefit; thing owed; an obligation or liability." While it may be that the definitive or lexicological significance of the expression "all indebtedness" might not be conclusive of the legislative intent, if there were in this statute indications significant of a narrow or restricted meaning which would exclude interest, we have not been directed to nor found any such justification. In the absence of any indication of a special meaning to be applied in the interpretation of the statute, the court must adhere to the ordinary meaning of the words as used in the statute. Eckert v. New Jersey State Highway Department, 1 N.J. 474 (Sup. Ct. 1949). We are of the opinion that the $50,000 principal debt and interest due on the principal were includible in the term "an indebtedness" under the aforementioned statute.
In considering the includibility of the indebtedness due the Estate of Paul Rose, and to the sisters and members of the family of the sole stockholder, we are not persuaded by the respondent's argument that the language of the Act justifies the Commissioner's position. The purport of the statute in effect at that time was to include in net worth indebtedness owing directly or indirectly to holders of ten per centum (10%) or more of the aggregate outstanding capital stock of the corporation. We find no evidence of the extent of ownership by these various creditors of the corporation, if any. Furthermore, we are of the opinion that the use of the phrase "directly or indirectly" is intended to provide for a situation where a stockholder, otherwise coming within the statutory language, might extend credit to the corporation either personally or through an instrumentality, managed or controlled by him, thus making such a loan includible in the tax base, but it was not intended to encompass *195 circumstances in which a stockholder was successful in obtaining credit for that corporation through personal influence with members of his family. We are satisfied that the debts owing to the Estate of Paul Rose, Paul Frederick Rose, Barbara Ann Rose, Margaret R. Kuhn and Annalee R. Gessinger, are not includible in the tax base as indebtedness "owing indirectly to holders of ten per centum (10%) or more of the aggregate outstanding shares of the taxpayer's capital stock of all classes, as of the close of a calendar or fiscal year." By Chapter 50, P.L. 1947, the Legislature amended R.S. 54:10A-4 to provide: "(e) `Indebtedness owing directly or indirectly' shall include, without limitation thereto, all indebtedness owing to any stockholder or shareholder and to members of his immediate family where a stockholder and members of his immediate family together or in the aggregate own ten per centum (10%) or more of the aggregate outstanding shares of the taxpayer's capital stock of all classes." However, this subsequent legislation cannot affect the interpretation in the case sub judice, in view of the fact that the tax assessment in 1946 was controlled by the language of the 1945 Act.
We have considered the other arguments advanced by appellant for reversal, but do not consider them meritorious.
The judgment of the Division of Tax Appeals affirming the determinations of the Commissioner of Taxation is affirmed as to the inclusion in the tax base of the principal and interest owing from Werner Machine Company, Inc., to Werner and Company, and reversed as to the inclusion of the indebtedness owed to the Estate of Paul Rose, and to Paul Frederick Rose, Barbara Ann Rose, Margaret R. Kuhn and Annalee R. Gessinger.