85 N.J. Super. 226 (1964)
204 A.2d 371
MIRIAM M. SWAN, APPELLANT,
v.
THE BOARD OF TRUSTEES OF THE TEACHERS' PENSION AND ANNUITY FUND, ETC., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1964.
Decided November 2, 1964.
*228 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Ashley Goodman argued the cause for appellant (Messrs. Goodman & Goodman, attorneys).
Mr. Richard Newman, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
May the board of trustees of the Teachers' Pension and Annuity Fund of the State of New Jersey (hereinafter "Pension Fund"), in granting a public school teacher an accident disability retirement allowance pursuant to N.J.S.A. 18:13-112.41, deduct therefrom the amount of a workmen's compensation award for permanent disability paid by the local board of education for the same disabling accident, when the board of education has been reimbursed for that payment out of a settlement obtained by the teacher from a third-party tortfeasor and the board of education has released the teacher from further claims? The Pension Fund made such a deduction in the instant case, claiming that it had a right to do so under N.J.S.A. 34:15-43. The teacher, Miriam M. Swan, appeals from that determination, pursuant to R.R. 4:88-8.
The matter has been submitted on an agreed statement in lieu of record. R.R. 1:6-2; R.R. 2:6. The facts, hereinafter noted, are not in dispute.
On April 15, 1959 Mrs. Swan was employed as a teacher by the Newark Board of Education. On that day, she became partially permanently disabled as the result of personal injuries sustained in and from an accident arising out of and in the course of her employment. She fell while descending a darkened stairway in a tenement house to which she had *229 gone to visit a pupil therein and to give him instruction. This was part of her teaching assignment.
On August 28, 1959 Mrs. Swan filed an application with the Pension Fund for accident disability retirement benefits, as provided by N.J.S.A. 18:13-112.41, requesting that the benefits become effective October 1, 1959. Her application was based upon the accident and injuries sustained by her on April 15, 1959. As of the date of her application she was 64 years old and beyond the statutory age limit of 60 years to qualify for an ordinary disability retirement allowance.
On December 8, 1959 the Pension Fund tentatively denied Mrs. Swan's application for accident disability retirement benefits and, instead, retired her under a service retirement allowance pursuant to N.J.S.A. 18:13-112.41 and 18:13-112.46. It was then stipulated by the parties that the appealable determination with respect to her retirement under the accident disability retirement allowance provision would be held in abeyance subject to the outcome of a contemplated workmen's compensation proceeding.
On February 7, 1963 Mrs. Swan was awarded the sum of $3,850 for her permanent disability by the Division of Workmen's Compensation by reason of the accident of April 15, 1959, besides other incidental benefits for temporary disability, medical payments, legal fees and the like, making her gross award in excess of $5,000. The board of education of Newark paid the award.
On or about March 20, 1963 a third-party action instituted by Mrs. Swan for her injuries in the accident of April 15, 1959 was settled for $5,000. The board of education accepted $2,604.35 in full satisfaction of its right of subrogation against that third-party recovery and released Mrs. Swan from all further claims with reference thereto. The board figured that its subrogation right extended to the full $5,000, because the gross amount of the workmen's compensation award paid by it had exceeded that sum. It recognized its obligation under N.J.S.A. 34:15-40 to pay $1,666.66 in legal fees, 33-1/3% of the $5,000 recovered, plus $95.65 for disbursements *230 by the attorneys in the third-party suit, a total of $1,762.31. This would have left a net balance recoverable by the local board of $3,237.69. Because of some disputed items, the board compromised its claim by accepting $2,604.35 ($2,500 plus the difference between the $200 maximum allowable for expenses and the actual expenses of $95.65 reported by Mrs. Swan's attorneys). On these figures, the board of education closed out any rights it had to reimbursement from Mrs. Swan. Thus, the sum of $2,604.35 was paid to the Newark Board of Education in full settlement and release of all obligations by reason of its having paid the workmen's compensation award in Mrs. Swan's favor.
On May 9, 1963 the Pension Fund rescinded its original action in regard to Mrs. Swan's claim for accident disability retirement benefits and granted her such a retirement allowance retroactively to October 1, 1959, the effective date requested in her original application. It calculated that for the 45 months between October 1, 1959 and June 30, 1963, Mrs. Swan should have received $500.88 monthly, or a total of $22,539.60, as against the monthly pension of $351.53 actually received, amounting to a total of $15,818.85, thus entitling her to an additional $6,720.75. But it then deducted from the balance of $6,720.75 the workmen's compensation award of $3,850 for permanent disability, and thus fixed as the net sum due and payable to Mrs. Swan $2,870.75. On June 26, 1963 the Pension Fund notified Mrs. Swan of its deduction of the $3,850 and did so without regard to the reimbursement received by the Newark Board of Education in full satisfaction of any claim it might have had against her.
The Pension Fund claims that it was justified in deducting this $3,850 from Mrs. Swan's pension by reason of N.J.S.A. 34:15-43. This section of the Workmen's Compensation Law, so far as pertinent here, provides:
"No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability; provided, however, that such employee, despite retirement, shall, nevertheless, be entitled to the *231 medical, surgical and other treatment and hospital services as set forth in section 34:15-15 of the Revised Statutes."
The purpose of N.J.S.A. 34:15-43 is to withhold the benefits of the Workmen's Compensation Law, normally available to public employees, including those of boards of education, from those public employees who have received an accident disability retirement pension by reason of the same employment and disabling injuries. As stated in Pirher v. Board of Public Works of South River, 37 N.J. Super. 482, 484 (App. Div. 1955), certification denied 20 N.J. 465 (1956):
"A person in public employment who applies for and accepts a pension for disability arising from a compensable accident, severs the relationship of employer and employee. He becomes a `former employee' and the statutory bar to workmen's compensation is applicable. * * * [C]learly it has been the intention of the Legislature not to permit a recovery of both a disability pension and workmen's compensation by a living employee of a single municipal employer."
This bar against double benefits does not apply to the dependents of a deceased employee, Eckert v. New Jersey State Highway Dep't, 1 N.J. 474 (1949); or to a person on an ordinary retirement pension, as distinguished from an accident disability retirement allowance, Pisapia v. City of Newark, 47 N.J. Super. 353 (Cty. Ct. 1957); or to a situation where a person is employed by separate governmental agencies at the same time, such as a city and a county, receiving a workmen's compensation award from the one and a disability pension from the other, as in Loges v. Town of Newton, 5 N.J. Super. 433 (App. Div. 1949), affirmed o.b. 4 N.J. 356 (1950). These cases illustrate the strict construction given to N.J.S.A. 34:15-43.
The obvious intent of the statute is to bar a workmen's compensation claim against the employer, when the disability pension is accepted for the same accident. But there is nothing in N.J.S.A. 34:15-43, or in the law relating to teachers' pensions, permitting the Pension Fund to minimize its own pension obligations and enrich its own treasury by taking credit for workmen's compensation payments made by the *232 employer. The board of education, or other governmental employing agency, is an autonomous body separate and distinct from the Pension Fund. Gualano v. Board of School Estimate of Elizabeth School District, 39 N.J. 300 (1963); Board of Trustees, Teachers' Pension and Annuity Fund v. LaTronica, 81 N.J. Super. 461 (App. Div. 1963), certification denied 41 N.J. 587 (1964).
The attorney for the Pension Fund, when questioned at oral argument as to what the Pension Fund would do with the $3,850 deducted by it from Mrs. Swan's disability retirement allowance, stated that this money would be returned to the Newark Board of Education. If that were done, the local board of education could not in good conscience keep this $3,850 because it would constitute an unjust enrichment at the expense of Mrs. Swan. The board has already been reimbursed out of Mrs. Swan's third-party settlement in an amount deemed satisfactory to it, and has already released her from all further obligation by reason of its payment of the workmen's compensation award. This has been done pursuant to N.J.S.A. 34:15-40. It does not lie within the power of the Pension Fund to recover for the Newark Board of Education additional money to which it is not entitled and as to which it makes no claim.
The Pension Fund argues that Mrs. Swan never was entitled to receive workmen's compensation benefits because it made her disability pension retroactive to October 1, 1959 and the workmen's compensation award was received thereafter. Such an argument might have been available to the board of education, if Mrs. Swan were attempting to enforce the workmen's compensation award against the board after having been granted a disability pension. But we fail to see any validity in this argument when asserted by the Pension Fund, especially in view of the facts herein. The Pension Fund deliberately held in abeyance a final ruling on Mrs. Swan's application for a disability pension pending the outcome of the workmen's compensation proceeding. In fact, it tentatively denied her such a pension and, instead, retired her *233 on the ordinary service retirement. In that status, she was not precluded under N.J.S.A. 34:15-43 from pursuing a claim for workmen's compensation. Pisapia v. City of Newark, supra. When the Pension Fund ultimately rescinded its earlier action and granted Mrs. Swan a retroactive disability pension, the workmen's compensation award had already been paid by the board of education and Mrs. Swan had already reimbursed the board in an amount satisfactory to it out of her third-party settlement. Mrs. Swan may not in these circumstances be penalized because of the Pension Fund's own delay in passing upon her claim to a disability pension.
No contention is made by the Pension Fund that Mrs. Swan's recovery against the third-party tortfeasor could be set off against her disability pension. Such a setoff was held improper in Engstrom v. City of Seattle, 92 Wash. 568, 159 P. 816 (Sup. Ct. 1916). Yet, that in effect is the result of the Pension Fund action here.
We conclude that the Pension Fund had no right or authority to deduct $3,850 from the accident disability retirement allowance due Mrs. Swan pursuant to N.J.S.A. 18:13-112.41, by virtue of N.J.S.A. 34:15-43 or otherwise, under the facts herein. The Pension Fund is directed to pay the sum of $3,850 to Mrs. Swan forthwith.