108 N.J. Super. 315 (1970)
261 A.2d 371
IN THE MATTER OF THE APPLICATION OF HOWARD SMITH, PETITIONER, TO THE BOARD OF TRUSTEES OF THE POLICE AND FIREMEN'S RETIREMENT SYSTEM FOR ACCIDENTAL DISABILITY RETIREMENT.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1969.
Decided January 26, 1970.
*316 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Ralph A. Yacavino argued the cause for appellant (Mr. Frank A. Palmieri, attorney).
Mr. Franklin D. Renkoff argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, P.J.A.D.
Petitioner Howard Smith (hereinafter Smith) appeals from a final decision of the Board of Trustees of the Police and Firemen's Retirement System of New Jersey (hereinafter board) awarding him accidental disability pension benefits, effective at the expiration of the workmen's compensation benefits Smith had been receiving. Smith contends that the effective date fixed by the board for receiving pension benefits was erroneous. He argues for an earlier effective date  one or the other of three alternatives hereinafter noted.
*317 A brief recital of the facts and pertinent statutes is necessary to put the issue in proper focus.
Smith commenced employment with the Town of West Orange as a fireman on March 15, 1950. He thereby became a member of the Retirement System and entitled to the benefits thereunder. N.J.S.A. 43:16A-1 et seq.
On August 26, 1964, while in the course of his employment as a fireman, Smith slipped and fell, injuring his left knee and ankle. Although the circumstances were not dramatic  he slipped on the firehouse floor  the consequences were serious. He never worked as a fireman thereafter. He was absent from work on sick leave from August 27 to November 20, 1964, when he applied for accidental disability retirement, requesting retirement as of January 15, 1965. His full salary was continued by his employer until September 30, 1965. On February 19, 1965 the board denied his application for retirement under N.J.S.A. 43:16A-7 for failure to present sufficient evidence of disability.
On March 29, 1965 Smith filed a petition for workmen's compensation benefits. On November 20, 1966 the Division of Workmen's Compensation made an award in his favor, allowing him 65% loss of the use of his left leg  14-6/7 weeks temporary at $45 a week, amounting to $668.57, and 178-3/4 weeks of compensation at $40 a week, amounting to $7150 for permanent disability. This award was subsequently affirmed by the appellate courts.
On November 14, 1967 a hearing was held in the Division of Pensions, based on Smith's appeal from the board's decision denying his application for disability retirement. The hearing officer on March 26, 1968 recommended to the board that its original decision be reversed and the application for disability retirement approved. On May 28, 1968 the board granted Smith accidental disability retirement, effective June 1, 1968. The retirement date was subsequently modified to May 1, 1968, the date upon which Smith's workmen's compensation payments terminated.
*318 Smith objected to the effective date designated by the board, contending, alternately, that the effective date of retirement should be December 8, 1964 (the termination of 14-6/7 weeks of temporary disability), January 15, 1965 (the date requested in his retirement application), or October 1, 1965 (payment of his full salary having been terminated on September 30, 1965 by his employer). Refusal of the board to change the effective date of Smith's retirement, or to accede to any one of his suggested alternatives, has prompted this appeal by him.
Smith notes the fact that on December 18, 1967 L. 1967, c. 250 became effective. Section 30(b) thereof, N.J.S.A. 43:16A-15.2 (b), provides:
No application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the Workmen's Compensation Law.
The 1967 amendments and supplements to L. 1944, c. 255, in their 32 sections, made many changes in the 1944 statute. However, Smith maintains that L. 1967, c. 250, § 30 is only prospective in application and not retroactive so as to affect his retirement date.
Dollarwise, Smith points out that his annual retirement payment was fixed at $5077.20, which amounts to $97.65 a week. By the board's applying L. 1967, c. 250, § 30 retroactively and disallowing pension benefits while Smith was receiving periodic workmen's compensation payments, Smith argues that he has been pecuniarily aggrieved because the compensation payments are less than the pension benefits. Accordingly, he strives on this appeal to relate the effective date of his retirement to an earlier time in order to obtain the greater sums payable as pension benefits.
It seems axiomatic that a public employee may not receive his full salary as an employee and, at the same time, receive a retirement disability pension. Smith was paid his full salary by the Town of West Orange, his employer, following his accident until September 30, 1965. *319 His status as a fully paid employee precludes a claim to a pension at the same time. Therefore, Smith has no valid basis for pension benefits prior to October 1, 1965. To hold otherwise would create the anomaly of paying salary to one as an employee while recognizing at the same time that he was not an employee, having retired from his employment.
The closer issue is whether Smith was entitled to collect pension benefits at the same time he was receiving periodic workmen's compensation payments subsequent to October 1, 1965. He did receive compensation payments until May 1, 1968. For that reason the board fixed May 1, 1968 as the effective date of retirement, the time for the commencement of the payment of pension benefits.
The problem is generated by the fact that the board did not approve Smith's application for retirement benefits by reason of accidental disability suffered in the course of his employment until May 28, 1968. At that time L. 1967, c. 250, § 30(b) was in effect and had been in effect since December 18, 1967. As noted above, the board was not permitted under the 1967 act to approve an application for retirement benefits while the member, applying for such benefits, was in receipt of periodic benefits under the Workmen's Compensation Law. But Smith had received his last workmen's compensation payment on May 1, 1968, so that on May 28, 1968 he was no longer receiving workmen's compensation periodic payments. Therefore, approval of his application for retirement benefits was not precluded on May 28, 1968 by reason of L. 1967, c. 250, § 30(b). There is no dispute as to his right to pension benefits from May 1, 1968.
Is he entitled to pension benefits during the time he was receiving periodic workmen's compensation, i.e., during the period between October 1, 1965, after which he no longer was paid his salary, and May 1, 1968, after which he no longer received workmen's compensation payments but received pension benefits under the board's decision?
*320 The right to receive both workmen's compensation payments and pension benefits at the same time had been the subject of much litigation prior to the 1967 statute. The earlier cases held that one could not have the benefits of both statutes  workmen's compensation and pension. The rationale was that "the relationship of an employer and an employee is not consistent with the position of a pensioner as such, for the reason that a pensioner severs all relationship of employer and employee." DeLorenzo v. Newark, 134 N.J.L. 7, 9 (E. & A. 1946). See also, Breheny v. Essex County, 136 N.J.L. 524 (E. & A. 1947), and Judson v. Newark Board of Works Pension Assn, 132 N.J.L. 106, 108 (Sup. Ct. 1944).
Later decisions upheld the right of injured persons or their familial survivors to recover both workmen's compensation and pension benefits. Thus, in Eckert v. New Jersey State Highway Department, 1 N.J. 474 (1949), our Supreme Court stated:
* * * There is no legislative authority expressly permitting payment of both pension and compensation benefits but on the other hand there is no legislative prohibition against such payments and there appears to be legislative sanction therefor, if not explicitly, at least inferentially. (at 478)
Eckert also noted that the allowance of workmen's compensation as well as pensions was not against public policy, it being the sole prerogative of the Legislature to declare the public policy.
So, too, in Pisapia v. Newark, 47 N.J. Super. 353, 363-365 (Cty. Ct. 1957), it was affirmed, in reliance upon Eckert, that there was no public policy against a municipal employee's receiving both workmen's compensation and pension payable upon retirement. Pisapia was decided on October 31, 1967, prior to the December 18, 1967 effective date of L. 1967, c. 250, in whose § 30(b) the Legislature has declared a new public policy, precluding approval of a retirement *321 application while the applicant is receiving periodic payments under the Workmen's Compensation Law.
The board argues that the 1967 statute, by § 30(b), merely codified preexisting law. We do not agree. Eckert and Pisapia, unlike the earlier cases, allowed recovery of both workmen's compensation and a pension.
Moreover, it would be inequitable to apply the 1967 statute retroactively to Smith's case. He had suffered his accidental disability and had made application for a retirement pension by reason thereof long before the effective date of the 1967 statute. The board originally denied his application for a pension and by its subsequent action recognized that it had done so erroneously, by its reversal of the earlier action. If it had correctly decided the application in 1965, the 1967 statute would have not yet existed and the judicial determinations in Eckert and Pisapia would have justified the granting of an accidental disability retirement pension. Smith should not be penalized for the administrative delays which made the board's final decision subsequent to the intervening 1967 statute.
We note, finally, that we are not concerned herein with a claimant's right to workmen's compensation when, as a public employee, he has been awarded an accident disability retirement pension by reason of the same employment and disabling injuries. Cf. N.J.S.A. 34:15-43; Swan v. Board of Trustees, Teachers' Pension Fund, 85 N.J. Super. 226 (App. Div. 1964), and Ziegler v. State, 95 N.J. Super. 273 (App. Div. 1967). The issue is the right to disability retirement pension, notwithstanding the receipt of workmen's compensation. In Swan we upheld the right to the pension, holding also that the Pension Fund could not deduct from the pension the workmen's compensation award for permanent disability. Incidentally, in that case the disabled teacher had, out of a third-party settlement, reimbursed the local board of education for the workmen's compensation received by her.
*322 The final decision under review is modified to make the effective date of Smith's retirement for pension benefit purposes October 1, 1965, rather than May 1, 1968.