144 N.J. Super. 336 (1976)
365 A.2d 492
JOSEPH KOSHLIEK, PLAINTIFF,
v.
BOARD OF CHOSEN FREEHOLDERS OF PASSAIC COUNTY AND RICHARD DE MARCO, TREASURER OF PASSAIC COUNTY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 1, 1976.
*338 Mr. Jan K. Seigel for plaintiff (Messrs. Tarta, Fava & Seigel, attorneys).
Mr. John G. Thevos for defendants (Mr. Martin Verp, Passaic County Counsel, attorney).
DOAN, J.S.C.
This case is before the court on plaintiff's motion for summary judgment under R. 4:46-2. There being no genuine issue as to any material fact, the matter is ripe for such disposition. Judson v. Peoples Bank of Westfield, 17 N.J. 67 (1954).
This is an action for breach of contract. Plaintiff Joseph Koshliek is presently employed as a Passaic County sheriff's officer and is assigned to the court house. He has held the position since July 9, 1970 and had previously been on active duty with the United States military from August 1948 to July 1970. As a sheriff's officer plaintiff's salary and other employee benefits are governed by a labor agreement entered into by the County of Passaic through the board of chosen freeholders and Local No. 197 of the New Jersey State Patrolman's Benevolent Association on March 23, 1976, for the period of January 1, 1975 through December 31, 1976. Plaintiff has been and is a member of that association. Up *339 to March 26, 1976 plaintiff had received his base salary plus longevity pay of 10% of his base salary due to the completion of 25 years of service. Twenty-two years of prior service in the U.S. Air Force was counted in computing years of service for longevity pay purposes under Article X of the labor agreement. This longevity pay was discontinued pursuant to resolution of the board of chosen freeholders effective March 26, 1976.
Plaintiff contends that Article X of the labor agreement entitles him to longevity pay equal to 10% of his pay, computed by adding 22 years of service in the military and six years of service with the county. That article reads as follows:

Article X Longevity
Longevity, as heretofore, shall be granted and in addition an employee shall be entitled to two (2) percent longevity stipend at the completion of seven years as a Court Attendant or Sheriff's Officer attached to the Court House.
Earned longevity, as heretofore, shall be granted and in addition, entitled employees shall receive longevity pay as follows:
2% of base pay after completion of 7 years of service. 4% of base pay after completion of 10 years of service. 6% of base pay after completion of 15 years of service. 8% of base pay after completion of 20 years of service. 10% of base pay after completion of 25 years of service and over.
Plaintiff urges that discontinuance of longevity pay under Article X, when read along with Articles III and XV of the labor agreement, constitutes breach of the contract of which he is a beneficiary.

Article III Retention of Existing Benefits
Except as otherwise provided herein, all benefits which County Court Attendants and Sheriff's Officers attached to the Court House have heretofore enjoyed and are presently enjoying shall be maintained and continued by the County during the term of this Agreement. The personnel policies and personnel regulations currently in effect shall continue to be applicable to all Court Attendants and *340 Sheriff's Officers attached to the Court House except as otherwise expressly provided herein.
Article XV Unilateral Changes
There shall be no unilateral changes in the terms and conditions of employment of employees covered by this Agreement by either party.
It is defendants' position that the rights and obligations created by Article X must be read in light of N.J.S.A. 40A:9-5 and other public policies which arguably preclude plaintiff's prior employment with the Federal Government from being recognized in the computation of longevity pay. Secondly, defendants argue that plaintiff is not entitled to longevity pay because Article X qualifies the right of an employee to receive longevity pay by requiring "the completion of seven years' service as a Court Attendant or Sheriff's Officer attached to the Court House" as a prerequisite. Neither of these contentions is valid.
N.J.S.A. 40A:9-5 provides as follows:
Rights of certain employees transferred to other positions
Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first and second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.
It is thus clear that the statute makes no mention of federal employees who transfer to positions in municipal or county employment, and no obligation to recognize prior federal service in the computation of the period of employment in municipal or county government is thereby imposed. Supporting this conclusion are the rules of statutory construction applied in Fivehouse v. Passaic Valley Water Comm., 127 *341 N.J. Super. 451, 456 (App. Div. 1974)  a case also involving the instant statute  that a statute in derogation of common law is ordinarily strictly construed, and a statute which is claimed to impose or to establish a right which was not recognized by the common law will be strictly interpreted to avoid such a change in the absence of plainly expressed legislative intent to effectuate a change. In addition to not imposing an obligation on counties and municipalities to recognize prior federal service it is clear that the statute does not preclude counties and municipalities from recognizing prior federal service in computation of the period of employment of transferred employees. In the interest of clarification, the board of chosen freeholders, in its Resolution of March 17, 1976, adopted a Revised Rule of Interpretation #5 for use regarding its program of longevity payments for employees as established by prior resolution. In pertinent part, the rule provides as follows:
In computing the employees' service for the purpose of longevity payments, the prior service of any employee with the State of New Jersey, or with any county or municipality of the State of New Jersey, or with the United States of America (including active duty of the military forces of the United States), or in any political subdivision of the State or Federal government, or with any governmental agency of the State of New Jersey, the United States of America, or of any county or municipality of the State of New Jersey in any capacity whatsoever shall be considered and interpreted as service with the County of Passaic.
Rule #5 thus superceded the former Rule of Interpretation #5 which had also provided for the recognition of prior federal service in the computation of longevity payments. The difference between the two rules is apparently contained in the second paragraph of the later rule:
In the event, however, that any employee of the County of Passaic who has prior service in any State, municipal, or county agency (as referred to in the proceeding sentence) from which service said employee has retired and is receiving pension benefits, such employee shall not receive credit for longevity payments for such prior service on the grounds that the statutory provisions of N.J.S.A. 40A:9-5 *342 is applicable to transfers as distinguished from employees who have terminated prior employment and obtained a pension based upon a retirement from said prior service.
It is obvious that "said prior service" at the end of that paragraph refers only to prior service in "any State, municipal or county agency," not "federal service." It is on the distinction raised by the second paragraph of Rule #5, supra, that defendants rest this controversy. Plaintiff contends that he is entitled to recognition of his prior federal service in computation of longevity payments under Article X, as had been defendants' practice in making longevity payments to plaintiff prior to March 23, 1976, and that Rule of Interpretation #5 supports this position. Plaintiff further contends that the discontinuance of his longevity payments pursuant to the transferee/retiree distinction established by the revised interpretive rule constitutes breach of contract.
Defendants' rejection of these contentions involves a two-step interpretation of N.J.S.A. 40A:9-5: first, a finding that the transfer of municipal and county employees contemplated in the statute be narrowly construed to exclude retirees receiving pensions from prior municipal and county service; and second, that this finding be extended by analogy to the effect that plaintiff, as a retired federal employee receiving a pension, should not be treated as a transferee in the computation of longevity payments. As authority for its transferee/retiree distinction defendants cite cases and statutory provisions purporting to establish the doctrine and public policy that a pensioned public employee may not receive his full salary as an employee and at the same time receive a pension from prior public employment. Application of Smith, 108 N.J. Super. 315 (App. Div. 1970), modified on other grounds, 57 N.J. 368; Bortel v. Cherry Hill Tp. Bd. of Ed., 99 N.J. Super. 529 (1968); N.J.S.A. 43:3C-1 and N.J.S.A. 43:3-1 (repealed, effective April 28, 1968). Neither case deals with the recipient of a federal retirement *343 pension and thus cannot bottom any general doctrine controlling the salary rights of federally-pensioned public employees. Similarly unsupportive are the statutory provisions cited by defendants.
Another source of authority offered by defendants in support of their transferee/retiree distinction consists of the following cases which have arisen under N.J.S.A. 40A:9-5; Fivehouse v. Passaic Valley Water Comm'n., 127 N.J. Super. 451 (App. Div. 1974), certif. den. 65 N.J. 565 (1974); Libby v. Union Cty. Bd. of Freeholders, 125 N.J. Super. 471 (App. Div. 1973); Gudgeon v. Ocean Cty., 135 N.J. Super. 13 (App. Div. 1975); Caldwell v. Rochelle Park Tp., 135 N.J. Super. 66 (Law Div. 1975), and Parelli v. Dept. of Civil Service, 138 N.J. Super. 364 (App. Div. 1976). By merely pointing out that each of these cases that have so far arisen under the statute have involved a transfer between governmental entities expressly mentioned in the statute, defendants have not demonstrated any policy underlying the statute which compels the nonrecognition of plaintiff's prior federal service.
Finally, defendants contend that plaintiff's retirement must be distinguished from a transfer in the computation of longevity pay or else absurd and unreasonable results would occur. Specifically, a compounding of benefits would allegedly occur since plaintiff would obtain both pension and retirement payments by virtue of his prior public service. This argument, however, does not demonstrate a result so unreasonable as to compel the court to give it controlling effect in determining the rights and obligations. The argument overlooks the fact that the payments being made are by two distinct sovereignties and thereby do not impose a cumulative burden on either defendants or the State of New Jersey. Also, the payments in question are conceivably being made for two different purposes  the pension payments as "a bounty springing from the appreciation and graciousness of the sovereign" for prior and completed service, Hozer v. *344 State, etc. Police & Firemen's Pension Fund, 95 N.J. Super. 196, 199 (App. Div. 1967), and the longevity payments as compensation for present and continuing service by an experienced employee.
Having considered and rejected defendants' argument that the labor agreement be interpreted in light of certain policies, construction of the agreement itself is now appropriate. Certain principles of construction must guide the court in this endeavor. When the terms of a contract are clear, it is the function of the Court to enforce it as written. U.S. Pipe & Foundry Co. v. American Arbitration Ass'n, 67 N.J. Super. 384 (App. Div. 1961); Midland Carpet Corp. v. Franklin Associated Properties, 90 N.J. Super. 42 (App. Div. 1966). Where, however, a contract is ambiguous, practical construction by the parties through their conduct is entitled to great, if not controlling, weight in determining a contract's interpretation. Macfadden v. Macfadden, 49 N.J. Super. 356 (App. Div. 1958); Purich v. Weininger, 72 N.J. Super. 344 (App. Div. 1962). Turning to Article X, it is silent on the issue of whether a Sheriff's Officer receiving a retirement pension from the federal government is or is not entitled to recognition of his prior federal service for longevity pay purposes. This ambiguity may be resolved by considering the practical construction given to Article X by the parties.
Prior to March 26, 1976, defendants counted plaintiff's prior federal service in computing his eligibility for longevity pay and actually made longevity payments. It can thus be inferred that it was not the original intention of defendants upon entering the Labor Agreement to deny an employee longevity payments because he was receiving a federal retirement pension. It was not until the March 17, 1976 revision of Rule of Interpretation #5 by the Passaic County Board of Freeholders that the defendants first displayed an intention to distinguish between employees receiving public retirement pensions and other employee-transferees, and even *345 this action did not express any intention regarding employees who were receiving federal retirement pensions. Revised Rule #5 is conspicuously silent on the matter of federal pensioners, although careful mention is made of State, municipal and county pensioners. It must thus be concluded, even from the practical construction given to the Labor Agreement by defendants, that plaintiff was and is entitled to longevity payments under Article X, his receipt of a federal retirement pension notwithstanding. He is, therefore, entitled to receive the longevity payments in question and entitled to recover the same which have been withheld from him since March 26, 1976 with interest at 8%.
Accordingly, summary judgment for the plaintiff is granted.
Although no direct motion was made toward the defendants' claim seeking reimbursement of all longevity payments received by plaintiff from July 1, 1971, the legal issue raised therein has been determined by the Court's decision in the main case and, therefore, the counterclaim must be dismissed.
Counsel will prepare an appropriate form of judgment.